SIG M. GLUKSTAD, INC., d/b/a Miami International Forwarders, Plaintiff-Appellant,

v.

LINEAS AEREAS NACIONAL–CHILE, Allstate Insurance Company and Lineas Aereas Paraguayas, Defendants-Appellees.

No. 80–5545.

United States Court of Appeals, Fifth Circuit. Unit B

Sept. 21, 1981.

Sandler & Sandler, Broad & Cassel, Martin L. Sandler, Miami, Fla., Bonnie Lano Rippingille, Bay Harbor Islands, Fla., for plaintiff-appellant.

Arky, Freed, Stearns, Watson & Greer, Jill Nexon, Miami, Fla., for Lineas Aereas Nacional-Chile.

Batchelor, Brodanax, Guthrie & Primm, Alvaro L. Mejer, Timothy J. Armstrong, Miami, Fla., for Allstate Insurance Company.

Before HILL and VANCE, Circuit Judges, and LYNNE *, District Judge.

* District Judge of the Northern District of Alabama, sitting by designation.

1. The order stated as follows:
   The Plaintiff is hereby ordered to answer the following questions:
   A. Who is that principal [who shipped the watches to you]? Deposition of Glukstad, pp. 8–9.

PER CURIAM:

Sig M. Glukstad, Inc. appeals the district court's dismissal of its complaint for failure to comply with a discovery order to reveal the identity of its undisclosed principal. Because we conclude that the district court did not abuse its discretion in choosing the extreme sanction of dismissal, we affirm.

Glukstad is a freight forwarder in Miami, Florida. For several years Glukstad has forwarded watches arriving from Hong Kong to various foreign countries for an undisclosed principal. Glukstad does not have any financial interest in the cargo forwarded, but acts strictly as a freight forwarder.

On September 14, 1979 Glukstad shipped merchandise described as "time machines with bands" in nineteen packages to Asuncion, Paraguay. Glukstad had received initial notice of the shipment in a telex from his undisclosed principal which stated that nineteen packages having a C.I.F. value of $284,000.00 would arrive in Miami. Glukstad arranged air carriage to Paraguay via Lineas Aereas Nacional de Chile (LAN) and Lineas Aereas Paraguayas (LAP). Allstate insured the packages under a Marine Open Cargo Policy. When the shipment arrived in Paraguay, the contents of one crate were missing. Subsequently Glukstad filed suit against Allstate, LAN and LAP.

During discovery, Glukstad refused to disclose the identity and status of its principal. All defendants filed motions to compel. On March 6, 1980 the district court ordered Glukstad to reveal the identity and status of its principal.[1] Glukstad responded by filing a motion for clarification of the court's order. Defendants then requested the court to impose sanctions. On May 22,

B. Is your undisclosed principal an individual, a corporation or partnership? Deposition of Glukstad p. 33.
   In light of the Fifth Circuit's recent holding in *Farbwerke Hoeschst A. G. v. M/V "Don Nicky,"* 589 F.2d 795 (5th Cir. 1979), the information sought by these questions is relevant, if not dispositive of this action.

1980 the district court ordered Glukstad to show cause why sanctions should not be imposed. Glukstad responded by stating that disclosure of the principal's identity would violate the terms of its contract. On June 2 the district court ordered Glukstad to answer questions within ten days dealing with the identity of its undisclosed principal. When Glukstad refused to comply with the order, the district court dismissed its action on June 27, 1980.

■ In reviewing a district court's dismissal sanction under Fed.R.Civ.P. 37(b)[2] the standard is whether the lower court abused its discretion in dismissing the action. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Morton v. Harris*, 628 F.2d 438, 440 (5th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 1766, 68 L.Ed.2d 243 (1981). In *Marshall v. Segona*, 621 F.2d 763, 766–67 (5th Cir. 1980) we listed several examples where the use of dismissal as a sanction under Rule 37(b) was upheld including dismissal after a plaintiff refused on three occasions to appear for a deposition and dismissal when plaintiff refused to comply with two orders to produce.[3] Although we noted in *Marshall* that "dismissal is to be sparingly used," we recognized that "[w]hether the other party's

preparation for trial was substantially prejudiced is a consideration." 621 F.2d at 768. We also noted in *Marshall* that dismissal was inappropriate where neglect was attributed to an attorney or in a situation where there was an inability to comply.

■ In this case, counsel for Glukstad repeatedly refused to comply with several court orders to identify its principal. The district court gave Glukstad an opportunity to "show cause" why sanctions should not be imposed. Glukstad's answer that it was bound by contract not to disclose its principal was not accepted by the district court in light of *Farbwerke Hoeschst A. G. v. M/V "Don Nicky,"* 589 F.2d 795 (5th Cir. 1979).[4] Rule 26(b)(1)[5] provides that

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . [including] the identity and location of persons having knowledge of any discoverable matter . . . if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Certainly it is not unreasonable to calculate that Glukstad's principal has knowledge of discoverable matter, or that his identity is relevant to an action to recover on the loss of a package of "time machines."[6]  *Cf.*

---

**2.** Rule 37(b)(2)(C) provides several sanctions for failure to comply with a discovery order including "dismissing the action or proceeding."

**3.** *See Jones v. Louisiana State Bar Ass'n*, 602 F.2d 94 (5th Cir. 1979); *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979). *See also Factory Air Conditioning Corp. v. Westside Toyota, Inc.*, 579 F.2d 334 (5th Cir. 1978); *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379 (5th Cir. 1976).

**4.** *See also Sig M. Glukstad, Inc. v. Lineas Aereas Paraguayas*, 619 F.2d 457, 459 (5th Cir. 1980) (companion case recognizing "[w]hether disclosure of the principal's identity will be required is a question for the district court.").

**5.** The proposed changes in Rule 26 do not affect our conclusion.

**6.** In its reply brief Glukstad concedes that defendant Allstate has a right to discover the

nature of the principal's interest in the lost package, and essentially argues only that other sanctions are as adequate as dismissal. On the facts of this case, we are unwilling to find an abuse of discretion in the choice of sanctions. Glukstad does not admit the relevance of the information to LAN. Aside from Glukstad's failure to argue relevance below, when it challenged relevance only to counts against Allstate and otherwise refused to answer on grounds of its contract with its principal, we think the request easily "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). LAN expresses concern that Glukstad may not be acting with the authority of its principal, and that its principal will have information regarding the terms of shipment. In addition oral argument disclosed possible issues of fraud in packing the cargo. We cannot say such information is not

*Romari Corp. v. United States*, 531 F.2d 296 (5th Cir. 1976) (affirming dismissal under Rule 37 for failure to disclose identity of source of currency used to purchase promissory note seized in tax levy). The failure to respond, though not due to neglect, inability or bad faith, was not based on an allowable exception to discovery. A party should not be allowed to defeat a discovery order by simply stating that it had contracted not to reveal certain information.

Our review of the record and applicable law convinces us that the order of dismissal was not an abuse of discretion.

AFFIRMED.

" 'relevant to anything that is or may become an issue in the litigation.' " *Id.* at 351 n.12, 98 S.Ct. at 2389 n.12, *quoting* 4 Moore's Federal Practice ¶ 26.56[1], at 26–131 n.34 (2d ed. 1976).