Cyrus HASHEMI, Plaintiff,

v.

CAMPAIGNER PUBLICATIONS, INC., et al., Defendants.

Civ. A. No. C80–1555A.

United States District Court, N.D. Georgia, Atlanta Division.

July 1, 1983.

---

3. See *supra* note 1.

O. Jackson Cook, J. Stanley Pottinger, Warren L. Dennis, Troy, Malin & Pottinger, P.C., Washington, D.C., for plaintiff.

Joseph R. Bankoff, King & Spalding, Atlanta, Ga., Theodore S. Worozbyt, Jones, Worozbyt & Nodvin, Atlanta, Ga., for defendants.

Tench C. Coxe, Amanda M. Seward, John J. Dalton, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., Warner S. Currie, Swift, Currie, McGhee & Hiers, Atlanta, Ga., Mayer Morganroth, Southfield, Mich., Odin P. Anderson, Troy, Timmasino, Anderson & Reilly, Boston, Mass., Edward Spannaus-President Campaigner Publications, Inc., New York City, for additional defendants The New Benjamin Franklin House Pub. Co., Inc., Robert C. Dreyfus, Thierry LeMarc and Lyndon H. LaRouche.

## ORDER

FORRESTER, District Judge.

This defamation action is before the court on several motions, most of which pertain to discovery matters.

The pertinent facts are as follows. On August 2, 1982, defendants filed their First Interrogatories to Plaintiff. Subsequently, defendants filed a motion to make discovery. At a status conference on October 25, 1982, plaintiff's attorney represented that responses would be forthcoming within ten days. Subsequently, however, defendants again renewed their motion to make discovery. On December 17, 1982, a status conference was held. There, plaintiff's attorney represented that the responses were in the mail. On January 7, 1983, defendants filed a motion to dismiss under Fed.R. Civ.P. 37(d); on March 7, 1983, this court, however, denied defendants' motion to dismiss as being rendered moot by defendants' receipt of responses from plaintiff to the interrogatories.

Furthermore, at the status conference of December 17, 1982, this court ordered that plaintiff's deposition be taken on January 18, 1983, in New York City. It is represented that on January 17, 1983, defendants were notified that plaintiff's counsel would be unable to appear for the deposition due to the death of his grandmother. Defendants rescheduled the deposition for January 25, 1983, by telephone call to the secretary of plaintiff's attorney. Yet, on January 24, 1983, New York attorney for the defendants was notified that plaintiff had been called back to London and could not attend the deposition scheduled for the next day.

On February 22, 1983, defendants filed a motion for a protective order under Fed.R. Civ.P. 26(c) and to stay proceedings for failure to comply with an order under Fed. R.Civ.P. 37(b)(2)(C). Defendants argue that it would be inequitable to require defendants to be deposed when plaintiff has failed to comply with prior discovery.

On March 23, 1983, defendants filed a second motion to dismiss under Fed.R.Civ.P. 37(d). Three grounds are asserted. First, defendants argue that plaintiff has wilfully failed on two occasions to appear for his own deposition. In an affidavit, Mr. Daniel Aharoni states that he received a call on January 24, 1983, that plaintiff would be unable to attend his deposition since he was called back to London, and that he directed the legal research staff of defendant Executive Intelligence Review to go to Mr. Hashemi's office to confirm his absence. The results of the investigation, as set forth in the affidavit of Mary Jane Freeman, indicate a possibility that Mr. Hashemi was in fact in New York. Second, defendants contend that plaintiff has failed to provide complete responses to interrogatories, and that such fails to comply with this court's directions at status conferences. Finally, defendants represent that they are being deprived of the very discovery which would

enable them to defend successfully this action.

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails:

To serve answers or objections to interrogatories submitted under Rule 33, after service of the interrogatories ... the court in which the action is pending on motion may make such orders in regard to the failures as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this Rule.

Fed.R.Civ.P. 37(d)(2). With respect to the sanctions permitted under this subdivision, subparagraph (b)(2)(C) of Rule 37 provides that a court may make such "an order ... dismissing the action or proceeding on any part thereof ...."

■ Relevant to a court's imposition of sanctions is the issue of culpability of the recalcitrant party. The United States Supreme Court in *Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), construing Rule 37 in light of the due process clause, held that the claim of a party who failed to comply with a discovery order could not be dismissed where the failure was "due to inability, and not to wilfulness, bad faith, or any fault of petitioner." *Id.* at 212, 78 S.Ct. at 1095. In *Rogers,* the petitioner, a Swiss corporation, failed to permit discovery of certain records constructively confiscated by the Swiss Government because to do so would subject it to criminal prosecution under Swiss law.

Eighteen years later, however, the Supreme Court in *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam), found that sanctions are necessary in order to deter "other parties to other lawsuits" from feeling free "to flout other discovery orders of other district courts." *Id.* at 643, 96 S.Ct. at 2781. In that case, respondents, who were plaintiffs in a multi-district antitrust suit, failed to respond fully to interrogatories for seventeen months. Although the trial court admonished them to respond, it declined to compel discovery inasmuch as all the parties were attempting to settle the dispute. *See In Re Professional Hockey Antitrust Litigation,* 63 F.R.D. 641, 645 (E.D.Pa.1974). In addition, the respondents at whom the interrogatories were directed changed counsel; they claimed that this transition was responsible for the delay. The trial judge finally dismissed their action, finding "flagrant bad faith" and "callous disregard" by counsel of their responsibilities. 63 F.R.D. at 656. The Third Circuit, on appeal, reversed the dismissal, concluding that in view of the extenuating circumstances, there was insufficient evidence on the record as a whole to support the holding of the trial judge. *See In Re Professional Hockey Antitrust Litigation,* 531 F.2d 1188, 1193–95 (3d Cir.1976). On certiorari, the Supreme Court reversed. After initially observing that the proper standard of review of a trial judge's choice of discovery sanctions is whether he abused his discretion, the Court criticized as too lenient the traditional learning that the parties will, if given one more chance, comply in the future. 427 U.S. at 642–43, 96 S.Ct. at 2780–81. It appears, therefore, that *National Hockey League* establishes that general deterrence is a permissible, and perhaps even mandatory, goal under Rule 37.

This admonition has special significance in the case of interrogatories which are supposed to be served and answered without the need for judicial prompting. Indeed, Rule 37(d) plainly requires a party receiving interrogatories to make one of two responses: an answer or a motion for a protective order. If parties are allowed to flout this obligation, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules.

*Dellums v. Powell,* 566 F.2d 231, 235–36 (D.C.Cir.1977). *See generally* Note, The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions, 91 Harv. L.Rev. 1033 (1978).

**334**

Rule 1 provides that the rules of civil procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Therefore, in line with *National Hockey League,* this court finds that the efficient and fair administration of judicial energies requires a deterrence orientation toward discovery sanctions as well as a remedial orientation. *See Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062 (2d Cir.1979); *G–K Properties v. Redevelopment Agency,* 577 F.2d 645 (9th Cir.1978).

The instant case is not just an example of simple negligence, grounded in any sincere confusion regarding any court orders or litigation responsibilities. *See Marshall v. Segona,* 621 F.2d 763 (5th Cir.1980). Indeed, in the circumstances here, plaintiff's failures regarding discovery responsibilities have made a factual determination of the merits of the claims presented impossible. *See Denton v. Mr. Swiss of Missouri, Inc.,* 564 F.2d 236 (8th Cir.1977). Simply, the search for truth and justice, like the exercise of freedom, requires discipline.

Given the culpability and bad faith exhibited by plaintiff as well as sound judicial policy, this action is hereby DISMISSED pursuant to Fed.R.Civ.P. 37. *See Properties International Ltd. v. Turner,* 706 F.2d 308 (11th Cir.1983); *Morton v. Harris,* 628 F.2d 438 (5th Cir.1980), *cert. denied,* 450 U.S. 1044, 101 S.Ct. 1766, 68 L.Ed.2d 243 (1980).

IT IS SO ORDERED this 29th day of June, 1983.