Rose KABBE, Plaintiff-Appellant,

v.

ROTAN MOSLE, INC., Defendant-Appellee.

No. 84–1431
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1985.

Rehearing Denied March 12, 1985.

John J. Solon, Dallas, Tex., for plaintiff-appellant.

Laurence S. Sanger, Dallas, Tex., for defendant-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Rose Kabbe appeals dismissal of her action for fraud under the Securities Exchange Act of 1934 and Rule 10(b)(5) against Rotan Mosle, Inc. (Rotan). Finding that the district court did not abuse its discretion in dismissing the action with prejudice under the authority of Fed.R. Civ.P. 37(b)(2)(C), we affirm.[1]

Appellate review of a trial court's decision to impose Rule 37's sanction of dismissal with prejudice is limited to a determination of whether the court abused its discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Sig M. Glukstad, Inc. v. Lineas Aereas Nacional-Chile*, 656 F.2d 976 (5th Cir. 1981). We are mindful that dismissal with prejudice is a harsh action, to be used only in extreme circumstances, but we are also mindful that "[d]eliberate, repeated refusals to comply with discovery orders ... justify the use of this ultimate sanction." *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir.1979); *Sig M. Glukstad, Inc.*

The record shows that Rotan attempted to depose Kabbe on three occa-

sions. The first deposition was set for January 13, 1984; Kabbe received notice of that deposition on December 27, 1983. She failed to appear. She did not seek a protective order nor did she offer any excuse for her non-appearance. Seventeen days later in a pretrial brief, unsupported by affidavit, she stated that she could not attend the deposition because "her presence was required" in Los Angeles in connection with her pending divorce action and that Rotan's counsel had canceled the deposition. Denying the cancellation, Rotan sought sanctions under Fed.R.Civ.P. 37(d).

Rotan rescheduled the deposition for February 20, 1984. On February 16, 1984 Kabbe sought a protective order claiming that if she attended the deposition on that date she would "lose certain financial and custody rights" in her pending divorce action. Rotan opposed the order, attaching an affidavit of William Ryden, counsel for Kabbe's husband in the divorce litigation. Ryden attested that there was no court order which would prevent Kabbe from traveling from California to Texas for the deposition, no court order which would support Kabbe's assertion that if she left California to attend the deposition she would lose financial and custody rights, and no legal proceedings scheduled in the divorce suit for either January 13, 1984 or February 20, 1984. Ryden advised that the divorce trial was set for March 26, 1984. On March 8, 1984 the trial court denied Kabbe's motion to prevent her deposition and ordered that she attend her deposition in Dallas at her own cost within 15 days of the order. The district court specifically cautioned Kabbe that "[f]ailure to appear for deposition will result in the immediate dismissal of this cause of action with prejudice...."

Rotan rescheduled the deposition for March 19, 1984. Kabbe declined to appear

---

**1.** The district court apparently based the decision to dismiss on both Fed.R.Civ.P. 37(b)(2)(C), which allows the court to dismiss for failure to comply with a discovery order, and 41(b) which allows the court to dismiss for failure to prosecute. *Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir.1980) (Rule 41(b) is basis for dismissal for failure to prosecute.) Finding adequate grounds for dismissal under Rule 37(b) we need not consider whether the dismissal under Rule 41(b) was appropriate.

Because of our disposition of this appeal, we need not consider appellee's motion to dismiss.

and informed Rotan's counsel that she would not appear for the deposition on March 19, or at any other time during the 15 days as ordered by the court. Kabbe did not appear. Rotan again sought sanctions. The trial court dismissed Kabbe's action with prejudice for her failure to appear in disobedience of its order. We find no abuse of discretion. *Sig M. Glukstad, Inc.; Bonaventure v. Butler.*

AFFIRMED.