Anne FISHER, Oklahoma Drilling
Venture 1979–01 and Oklahoma
Drilling Venture 1979–02

v.

Fox HENDERSON; Sam Medley; David B. McKinnon; Charles H. Armstrong, Jr.; Robert A. Baker; Troy D. Phillips; Boyd R. Branch; Roger G. Himstreet; Jim McConnell, Jr.; Richard W. Coburn; Raymond Starnes; McKinnon & Armstrong; Branch & Brown; Baker, Glast, Riddle, Tuttle & Elliott; Baker, Miller, Phillips & Murray; Gibraltar Oil & Gas; Pyramid Energy; Welch Gas Co.; R & M Pipeline, Inc., Wagon Wheel Energy; Coburn Resources.

No. CA3–81–1544–F.

United States District Court,
N.D. Texas,
Dallas Division.

March 28, 1985.

John W. Bates, Dallas, Tex., for plaintiff.

Frank Edward Kohn, Lancaster Smith, Jr., Dallas, Tex., Robert F. Watson, Fort Worth, Tex., J.P. Jones, D.L. Case, Dallas, Tex., for defendant.

## ORDER

ROBERT W. PORTER, District Judge.

Plaintiffs Anne Fisher, et al. (Fisher) bring suit alleging all named Defendants conspired to violate federal and state securities laws, as well as other federal and state statutes and common law, in connection with the sale of undivided fractional interests in certain mineral leases. Anne Fisher is the general partner or co-partner of Plaintiffs Oklahoma Drilling Ventures No. 1979–01 and 1979–02. The action was filed on August 27, 1981 originally naming 26 Defendants; five were voluntarily dismissed February 23, 1982, eleven defaulted in late 1981 or by March, 1982, leaving ten active Defendants.

On November 1, 1984, the United States Magistrate ruled on various motions for sanctions by recommending Plaintiffs' complaint be dismissed under Rule 37(b) and (c), Fed.R.Civ.P., as to those ten Defendants. As support for his recommendation, the Magistrate identified the following items: Plaintiff Anne Fisher's failure to appear for deposition properly noticed on three separate occasions; failure to produce documents requested in the deposition notices; failure to seek a protective order or other relief from court; failure to comply with the Magistrate's earlier orders requiring production of documents and requests; and Plaintiff's total disregard for Defendants' legitimate discovery efforts.

On November 13, 1984, Plaintiffs filed objections to the Magistrate's recommendation in which they acknowledged Fisher's failure to appear for deposition but argued such failure was not willful or in bad faith but was caused by her arthritic condition which restricted her ability to travel from her California home to Dallas. Counsel attached letters from Robin K. Dore, M.D., dated June 26 and October 26, 1984, describing Plaintiff's poor health. Additionally, counsel argued that Defendants' counsel was notified, at least by phone if not by letter, of Plaintiff's condition, and her inability to appear. (The Court notes counsel for Defendants David McKinnon, McKinnon & Armstrong (McKinnon defendants) and R & M Pipeline dispute that claim. *See*, Defendants' Response to Plaintiff's Objections, filed November 20 and November 23, 1984.) In regard to the allegations of failure to produce documents and failure to comply with the Magistrate's order of January 6, Plaintiffs' counsel stated he was unaware prior counsel had not complied with that order; he implied a change in Plaintiffs' counsel caused the problems and denies willfulness or bad faith.

On November 16, 1984, the Court referred the action back to the Magistrate to consider his recommendation in light of Plaintiffs' objections. The Court has been informally advised by the Magistrate that no new matters appear in Plaintiffs' objections; that Ms. Fisher's health was considered at the hearing he held on November 1 and therefore his recommendation remains unchanged. The Court has now thoroughly reviewed the entire file and finds it appropriate to set aside the November 16 reference, adopt the Magistrate's ruling and dismiss the action. Because of the severity of dismissal as a sanction, several issues bear further discussion.

*Depositions.* The record reflects that Plaintiff was properly noticed for a deposition scheduled January 17, 1984, and failed to appear. Moreover, no motion to quash the notices nor protective order was sought. Ms. Fisher did not even bother to advise any Defendants of her intention not to appear. The letter from Dr. Dore, written five months after her failure to appear, can hardly excuse her conduct. Understandably, this failure spawned several motions for sanctions.

Plaintiff was again properly noticed for deposition on July 20, 1984, one month after Dr. Dore's letter. No attempt was made to quash the notices or move for a protective order; instead, by letter dated July 18, Plaintiff's counsel, Bates, advised Defendants of Plaintiff's poor health and attached the June 26 letter from Dr. Dore. Although Bates stated he intended to seek a protective order, he did not do so. More motions for sanctions were filed.

Plaintiff was noticed the third time for a deposition scheduled October 17, 1984. No motion to quash or protective order was sought and again Plaintiff failed to appear. Numerous Defendants alleged they received on notice of her intention not to appear, not even a phone call from Bates. (*See e.g.,* Defendants' response to Plaintiff's objections, filed February 20, 1984.) Apparently Bates appeared at the scheduled deposition, sans deponent, and advised all attending Defendants' counsel that she would not appear. Counsel for the McKinnon Defendants alleges he specifically wrote Bates prior to this deposition requesting times and dates in which Ms. Fisher would be available for her deposition, but the inquiries were ignored. Not surprisingly, a third set of motions for sanctions was filed.

■ While the Court is aware that dismissal with prejudice is a severe sanction to be used only in extreme circumstances, *Bonaventure v. Butler,* 593 F.2d 625, 626 (5th Cir.1979), certainly this situation is appropriate. Not only has Plaintiff repeatedly and deliberately refused to accommodate Defendants' legitimate discovery requests but she has made no attempt to invoke the Court's protective powers or even forewarn Defendants of her intended absence. No effort whatsoever was made during this nine-month period to propose alternate or more convenient dates. (The record does show that Plaintiffs belatedly suggested an additional deposition attempt November 5, 1984, one week after the Magistrate's recommendation of dismissal; that date was postponed on the basis of the recommendation).

■ Rule 30 places the burden on the deponent to get an order postponing the deposition, otherwise the duty to appear remains. *Hepperle v. Johnston,* 590 F.2d 609 (5th Cir.1979), *citing Pioche Mines Consolidated, Inc. v. Dolman,* 333 F.2d 257, 259 (9th Cir.1964). Plaintiff did nothing to relieve her burden, and in fact deliberately and without good cause ignored her duty to appear.

Bates' attempts to justify or explain Plaintiff's absences—after the fact—are unavailing. *Diaz v. Southern Drilling Corp.,* 427 F.2d 1118, 1127 (5th Cir.1970). Bates obviously knew of the protective order device yet consistently failed to invoke it. The Court finds both his and Ms. Fisher's conduct inexcusable and based on this ground alone, the Court would dismiss the action with prejudice. *Kabbe v. Rotan Mosle, Inc.,* 752 F.2d 1083, (5th Cir.1985). Coupled with her other failures and refusals to allow legitimate discovery, the justification for dismissal is compelling.

*Other Discovery.* Each time Plaintiff was noticed for deposition, Defendants also requested, by subpoena duces tecum, production of various documents. None of those requests have been honored, or even acknowledged. On October 22, 1983, the Baker defendants (consisting of defendants Robert Baker, Troy Phillips, the corporations of Baker, Glast, Riddle, Tuttle & Elliott and Baker, Miller, Phillips & Murray) made a legitimate request for production. By letter dated December 9, 1983, Plaintiff's old counsel advised the Baker defendants that new counsel (Bates) would respond to those requests. Defendants moved to compel production on December 28, 1983 which was granted by the Magistrate's order of January 6, 1984, giving Plaintiffs until January 16 to respond to the requests and until January 25, 1984 to produce. Now, over a year and two motions for sanctions later, no responses nor production have been made.

■ Despite three motions to compel and a Court directive, Plaintiffs have flagrantly thwarted Defendants' discovery requests

and attempts to prepare for trial. Deliberate refusal to permit legitimate discovery—even after being ordered to do so—certainly supports the imposition of sanctions. *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379 (5th Cir.1976). And in light of the ineffectiveness of earlier orders, the Court finds dismissal an appropriate sanction. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642–43, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976). *See also, Jones v. Louisiana State Bar Assn.*, 602 F.2d 94 (5th Cir.1979).

The McKinnon Defendants directed interrogatories to Plaintiffs on September 29, 1982, which remained unanswered through two motions for sanctions (filed December 29, 1983 and January 23, 24, 1984), one motion to deem the matters admitted (filed January 4, 1984), and an order of January 6 requiring answers by January 20, 1984. Plaintiffs' untimely responses were filed January 25, 1984. The subpoena duces tecum for production at the January 17, July 20 and October 17, 1984 depositions have never been addressed despite numerous motions for sanctions. (*See*, Second Motion for Sanctions filed January 23 and amended January 24, 1984, and Third Motion for Sanctions filed October 18, 1984). Other Defendants have joined those motions and filed their own. (*See*, Armstrong's Motion for Sanctions filed May 22, 1984 and October 31, 1984; R & M Pipeline's Motion for Sanctions filed October 31, 1984, and Branch defendants (including Boyd Branch and the company of Branch & Brown) Motion for Sanctions filed March 2, 1984 and October 25, 1984).

Rule 37 plainly requires one of two responses: an answer or a motion. Plaintiffs have clearly disregarded this obligation necessitating numerous motions be filed by Defendants and Court intervention and discovery supervision—neither of which are contemplated by the Federal Discovery Rules. *Hashemi v. Campaigner Publications, Inc.*, 572 F.Supp. 331, 333 (N.D.Ga. 1983) *affirmed*, 737 F.2d 1538 (11th Cir. 1984). Not only is Plaintiffs' misconduct in contravention of the rules, but it obviously frustrates Defendants' attempts to prepare for trial. And the Court must consider how these dilatory tactics prejudice Defendants' trial preparation or the presentation of dispositive motions. *Marshall v. Segona*, 621 F.2d 763 (5th Cir.1980). The Court finds that delays over a year in responding, (if at all), to legitimate discovery requests substantially prejudice Defendants' position and justify dismissal as a sanction. *Sig M. Glukstad v. Lineas Aereas Nacional-Chile*, 656 F.2d 976, 978 (5th Cir.1981).

This sanction is being imposed not only for remedial purposes but also as deterrence. The Court cannot and will not condone blatant disregard for legitimate discovery procedure and Court orders. *National Hockey League, supra*, 427 U.S. at 642–43, 96 S.Ct. at 2780–81. It is more than apparent that less severe sanctions would be ineffective. The Court must, therefore, adopt the Magistrate's recommendation.

The Court notes that the Magistrate's ruling followed a hearing at which time both the change in counsel and Plaintiff's health were considered. The Magistrate found neither factor—nor their combination—sufficient reason to impose lesser sanctions. The Court agrees.

Plaintiff's medical condition, as set forth in the unverified conclusory letters from Dr. Dore, was never before the Court in a timely fashion because counsel never sought a protective order. Plaintiff simply failed, on three separate occasions, to appear for her properly noticed deposition.

While a change in counsel may temporarily disrupt or delay litigation, it cannot be used as a shield or excuse for overlooking legitimate discovery requests. The record reflects Plaintiffs' original counsel moved, on September 7, 1983, for a 45-day extension to respond to pending discovery requests as substitute counsel was being retained. No reason for the transition in counsel was given. The extension was granted and a formal motion to withdraw was made December 20, 1983. That motion was granted December 21, at which time the parties were advised by the Court

that the February 6, 1984 trial date would not be reset. Obviously aware of that setting, Bates indicated by letter of appearance filed January 20, 1984, that he would attend to motions for dismissal and requests for discovery as soon as he was in a position to do so. Even after his formal entry in the case, however, Plaintiff failed twice more to appear for deposition and at least nine motions for sanctions were filed. Due to an inability to conduct and conclude discovery, the trial date was continued. Bates' refusal to respond to discovery or move for protection is inexcusable. Moreover, a transition of lawyers does not excuse Plaintiffs' responsibility for her litigation or indefinitely suspend Defendants' right to legitimate discovery. At the very *minimum* Plaintiff should have communicated with the Court or opposing counsel regarding her deposition notices. Instead, she chose to ignore them and simply not appear. Such willful disregard and misconduct justifies dismissal of her claims. *Anthony v. Marion County General Hospital,* 617 F.2d 1164 (5th Cir.1980).

It is on the basis of this record that the Court adopts, without reservation, the Magistrate's recommendation. The action will be dismissed with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C) as to Defendants David McKinnon, McKinnon & Armstrong, Charles H. Armstrong, Jr., R & M Pipeline, Inc., Boyd Branch, Branch & Brown, Robert A. Baker, Troy D. Phillips, Baker, Glast, Riddle, Tuttle & Elliott and Baker, Miller, Phillips & Murray.

*Remaining Defendants.* On December 16, 1981, the Clerk entered default against Defendants Fox Henderson, Sam Medley, Richard W. Coburn, Raymond Starnes, Gibraltar Oil & Gas, Pyramid Energy, Wagon Wheel Energy and Coburn Resources. Additionally, a Clerk's entry of default was made on March 26, 1982, as to Defendants Roger Himstreet and Welch Gas Co. It appears one Defendant, Jim McConnell, Jr., never answered and no default was ever sought.

Despite the Clerk's default, Defendants Himstreet and Welch Gas filed motions to

dismiss April 5, 1982 and were served with requests for production on May 26; they did not move to set aside the Clerk's entry of default. In fact, there was no movement at all until 15 months later, when the Court gave Plaintiffs 15 days to move for default judgment or face dismissal of its claims as to these Defendants. (*See,* Order of August 15, 1983). Plaintiffs failed to so move and will now be sanctioned with dismissal for failure to prosecute. Fed.R. Civ.P. 41(b); Local Rule 3.1(g).

The record reflects even less activity as to the other Defendants. Henderson, Medley, Gibraltar Oil and Pyramid Energy all filed answers January 15, 1982—one month after the Clerk's entry of default—but did not move to set it aside. Nevertheless, Plaintiffs failed to pursue entry of default judgment and simply abandoned their claims. Accordingly, dismissal as to these Defendants is also appropriate. Fed.R. Civ.P. 41(b); Local Rule 3.1(g).

The only record regarding Defendants Coburn, Starnes, Wagon Wheel Energy and Coburn Resources is the Clerk's entry of default on December 16, 1981. There is not even a Clerk's entry regarding Defendant McConnell, Jr. Plaintiffs obviously discarded their claims as to these Defendants and again are subject to dismissal for failure to prosecute. Fed.R.Civ.P. 41(b); Local Rule 3.1(g).

*Conclusion.* The Court finds Plaintiffs failed to pursue this action as to eleven Defendants and refused to allow the ten remaining Defendants legitimate and reasonable discovery. Because of these rulings, the Court need not consider the active Defendants' good and sufficient motions to dismiss, for summary judgment and partial summary judgment. For the foregoing reasons, it is hereby

ORDERED that this action is DISMISSED. All costs to be taxed against Plaintiffs.