**TECHNICAL CHEMICAL COMPANY, Plaintiff-Appellee,**

v.

**IG–LO PRODUCTS CORPORATION, et al., Intervening Plaintiffs-Appellees,**

v.

**Herman FRANCK, Individually and d/b/a Romay Distributing, Automotive and Industrial Supply and Jef Industries, Defendant-Appellant.**

**No. 86–1830**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 12, 1987.
Rehearing Denied April 8, 1987.

Herman Franck, pro se.

Jimmy L. Verner, Jr., Seeligson, Douglass, Falconer & Vanden Eykel, Dallas, Tex., Law Offices of William H. Luck, William H. Luck, Memphis, Tenn., for IG–LO & Everco Industries.

N. Henry Simpson, III, Charlotte K. Hummel, Dallas, Tex., for Radiator Specialty Co.

Douglas D. Depew, Neodesha, Kan., Johnston & Budner, Bruce A. Budner, Dallas, Tex., for Airosol, Inc.

Carrington, Coleman, Sloman & Blumenthal, Bruce W. Collins, Dallas, Tex., for Everco Industries, Inc.

Leon Zelechowski, Chicago, Ill., for Everco Industries, Inc.

Before GEE, RUBIN and JOLLY, Circuit Judges.

### E. GRADY JOLLY, Circuit Judge:

Herman Franck, a *pro se* litigant, appeals from the district court's entry of default judgment against him, individually and doing business as Romay Distributing, Automotive and Industrial Supply and Jef Industries. Because we conclude that the district court did not abuse its discretion when it entered a default judgment against Franck for willful failure to obey its discovery orders, we affirm the judgment of the district court.

## I

Technical Chemical Company filed a declaratory action in response to a letter written by the appellant Herman Franck. The letter, dated November 5, 1984, threatened "criminal and multi-million dollar, multidistrict, multilevel class action civil suits" if Technical Chemical Company and the other appellees refused to pay hundreds of thousands of dollars to Mr. Franck, who stated that he would base his proposed lawsuits upon allegations of price-fixing in the automotive refrigerant gas industry. While Mr. Franck's letter threatened the appellees with antitrust litigation, it also explicitly offered to settle with the appellees for specified amounts, which Franck claimed were less than "single damages." In his letter, Mr. Franck also offered to keep secret any settlement made to him by the appellees.

On March 14, 1985, Technical Chemical Company served a deposition notice on Mr. Franck, who was and is proceeding *pro se.* A few days before Mr. Franck's scheduled deposition, noticed for March 25, 1985, Franck wrote a letter to the court, asking that he be allowed to be deposed in California where he resided, rather than in Dallas. His request was not granted, and Franck failed to appear for the deposition.

On March 28, Technical Chemical Company filed a motion for sanctions and to compel Franck's deposition. On April 25, the magistrate conducted a hearing on the motion and ordered Franck to appear in Dallas for deposition on June 3. On May 3, Franck filed an "Appeal from Order of Magistrate to District Judge," but made no attempt to have the appeal heard nor did he seek any other modification of the order to appear for the June 3 deposition. On May 31, Franck telephoned counsel for Technical Chemical Company and advised that he would not be able to attend the deposition. The appellees' counsel attended at the scheduled time and place on June 3, but Franck did not, and on June 5, the appellees filed their second motion for sanctions and to compel Franck's deposition.

Franck failed to attend the magistrate's hearing on this second motion, held June

26, but a few minutes after it ended, he telephoned the magistrate for the stated purpose of checking on the status of the case. He professed ignorance of the setting of the hearing that had just been concluded although he had been mailed a notice of the hearing. The magistrate referred to the call as an "exquisite coincidence," and, finding Franck's explanation for his failure to appear at the hearing to be incredible and to constitute a willful disregard of the earlier order to appear, the magistrate recommended that a default judgment be entered against Franck.

Franck filed written objections to the magistrate's recommendation, contending that he had never received notice of the June 26 hearing and requesting a rescheduling of his deposition. On December 13, the district court entered an order declining the magistrate's recommendation to enter a default judgment, denying Franck's May 3 appeal from the order that he appear in Dallas for his deposition, and ordering Franck to appear for deposition on January 13, 1986.

After January 13, 1986, when Franck again failed to appear, the appellees filed a third motion for sanctions, seeking entry of a default judgment. Franck made no response and by order dated August 18, 1986, the district court granted the motion for sanctions. On October 10, the district court entered a default judgment against Franck, individually and in the capacity of his business entities, finding that Franck's disobedience in contemptuously disobeying the court's orders was not the result of his inability to comply, and declaring that none of the plaintiff companies had violated any antitrust laws. Franck appeals.

## II

Federal Rule of Civil Procedure 37 provides that a default judgment may be used as a sanction against a party who disobeys a discovery order:

> If a party … fails to obey an order to provide or permit … the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> . . . .

> (C) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, *or rendering a judgment by default against the disobedient party.*

Fed.R.Civ.P. 37(b)(2)(C) (emphasis added).

[1] Entry of a default judgment is an appropriate sanction when the disobedient party has failed to comply with a court order because of willfulness, bad faith, or other fault on its part, as opposed to its inability to comply with the court's order. *See Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958); *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir.1985).

The district court's decision to enter a sanction for violation of a discovery order is subject to review only for abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976). We have no indication that the district court abused its discretion in this case. Franck argues that his failure to comply with the discovery orders resulted from his lack of knowledge of the proceedings and his lack of funds to travel to Dallas. Neither reason is convincing. The magistrate specifically found that Franck participated by telephone in the hearing which led to the April 25, 1985 order directing him to appear and give his deposition on June 3, 1985. The magistrate therefore found that Franck's professed ignorance of the court proceedings was not to be believed. We see no reason to depart from this finding.

Despite the magistrate's recommendation that a default judgment be rendered against Franck for his willful failure to comply with the April 25 order, Franck received a second chance to avoid a default judgment, and was ordered to appear for his deposition in Dallas on January 13, 1986. Yet Franck again failed to appear, and, since Franck was aware of the proceedings against him and had already willfully disobeyed an order to appear for a

deposition, it was reasonable for the district court to conclude that this failure was willful. Franck's contention that he lacked the funds to travel to Dallas is not plausible. Franck owns or operates several businesses.

■ This court has previously concluded that a district court does not abuse its discretion when it dismisses a suit with prejudice for repeated failures to appear for deposition when those failures culminate in a party's failure to comply with a court order to appear. *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1084 (5th Cir. 1985); *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir.1979). The same conclusion is appropriate in this case where the district court entered a default judgment against a would-be plaintiff who, without a plausible excuse, twice disobeyed explicit court orders to appear for his deposition. Since we hold that the district court did not abuse its discretion, we affirm its judgment.

■ We note, however, that neither the district court's ruling nor our affirmance addresses the merits of this case. Thus any potential liability that the appellees might incur from the allegations made against them by Franck is extinguished only as to Franck in his individual and business capacities.

### III

■ The appellees request this court to impose sanctions on Franck for bringing a frivolous appeal.[1] We do not, however, find Franck's appeal from the default judgment to be frivolous, especially since he is proceeding *pro se.*

### IV

Because the district court acted within its discretion in entering a default judgment in this case, its judgment is

AFFIRMED.

1. Procedurally, we have before us the appellees' motion to dismiss Franck's appeal on grounds that it is frivolous, along with Franck's opposition to this motion. Since resolution of the

motion would involve the same issues as resolution of the appeal itself, however, we have chosen to decide the appeal now. The motion to dismiss is denied as moot.