**Van HARE and Evelyn Hare**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY.**

**Civ. A. No. B–89–00225–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

June 21, 1990.

W. Lawrence Gray, Houston, Tex., for plaintiffs.

Gordon Pate, Pate & Dodson, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Plaintiffs brought suit in the United States District Court for the Southern District of Texas, Houston Division. The complaint alleged breach of insurance policy agreement by the defendant insurer,

---

Government Employees Insurance Company (GEICO). Defendant has moved to dismiss under rule 37(d) of the Federal Rules of Civil Procedure. A brief description of the procedural history of the action is appropriate.

The complaint alleges in January of 1986 plaintiffs went to a shopping mall in Houston, Texas. Prior to entering the mall plaintiffs locked Mrs. Hare's purse in the glove compartment of the vehicle. The purse allegedly contained, among other things, items of jewelry. Upon returning to the vehicle, plaintiffs realized their automobile was missing and apparently had been stolen. Plaintiffs reported the incident to the Houston Police. The stolen items were never recovered.

Plaintiffs filed a claim for the stolen jewelry with GEICO for the amount of $40,234.00, representing the amount allegedly due under the insurance policy. The complaint states GEICO refused to pay the claim. GEICO filed an answer contingent upon a motion to transfer venue to this district which was granted on March 13, 1989.

On November 13, 1989 GEICO filed a motion for pretrial conference. The motion reported that discovery was not proceeding in a satisfactory manner. The motion was granted and a pretrial conference was set for December 13, 1989. The plaintiffs were ordered to personally attend the conference. The defendant filed proper notice to take the depositions of the plaintiffs on November 30 and December 1, 1989. Defendant filed Certificates of Non Appearance for each failure to appear. On December 4, 1989 Plaintiffs' counsel moved for leave to withdraw, citing plaintiffs' illness and lack of ability to assist in preparation for trial and the "involuntary or voluntary lack of cooperation from either the Plaintiffs or their son in his representative capacity." Motion of Attorney for Plaintiffs to Withdraw, para. III. GEICO filed a motion to dismiss pursuant to Rule 37(d) of the Federal Rules of Civil Procedure on December 7, 1989. The pretrial conference was subsequently reset for January 25, 1990. On January 4, 1990 Plaintiffs' counsel mailed notice to the Hares by certified mail return receipt requested of the court's order, stressing the failure to appear could result in a dismissal of the case. The pretrial conference was held on January 25, 1990. Neither plaintiff was in attendance. Plaintiffs' counsel stated that his clients were not cooperating with him and that he could not get in touch with them. He tendered as evidence returned certified letters that he had received after they failed to reach the plaintiffs at their address. Plaintiffs' counsel was allowed to withdraw, having made a showing that he had repeatedly been unsuccessful in communicating with his clients. GEICO's motion to dismiss was taken under advisement. Counsel for defendant was ordered to file an affidavit regarding two other cases the plaintiffs were involved in and the status of each case. Counsel was also ordered to file a Motion to Accept in Evidence the closed file of B–87–0172–CA and to obtain service by registered mail and by process server of defendant's motion to dismiss. If service could not be obtained, counsel for defendant was to certify this to the court.

Defendant filed a Supplemental Motion to Dismiss on March 15, 1990, and a Motion for the Court to Rule on Defendant's Supplemental Motion to Dismiss on June 7, 1990. Defendant forwarded copies of its Supplemental Motion to Dismiss to the plaintiffs both by regular mail and certified mail. The motion sent by regular mail was never returned by the Postal Service, according to counsel for defendant. The motion sent by certified mail was received by an individual named John Calhoun. See Defendant's Motion for the Court to Rule. Defendant also attempted for several months to personally serve the plaintiffs with the Supplemental Motion to Dismiss. These efforts were unsuccessful. See Affidavits of Ross Bennett, Jay Bennett and Diana L. Reyes. Mr. Ross Bennett is of the opinion "Van Hare and Evelyn Hare are avoiding service of the Motion, and that any further attempts at personal service would be unsuccessful." Affidavit of Ross Bennett.

Defendant's motions to dismiss contain Certificates of Non–Appearance that reveal

the Plaintiffs failed to appear for their depositions on November 30 and December 1, 1989. Yet plaintiff Evelyn Hare appeared for and gave a deposition on November 28, 1989 in the case styled *Evelyn Hare v. R.F. Dubois, Trustee, et al*, Cause No. D–880,270–C, pending in the 260th District Court of Orange County, Texas. The deposition terminated after 46 pages because Mrs. Hare indicated she was not feeling well and was on medication.

Federal Rule of Civil Procedure 37(b)(2) addresses discovery abuse and the options available to the district court in controlling such abuses. The rule provides in pertinent part:

> (2) Sanctions by Court in Which Action is Pending. If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among other things, the following:

> ... (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Rule 37(d) provides as follows:

> (d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party ... fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or. that other circum-

stances make an award of expenses unjust.

Fed.R.Civ.Proc. 37(b)(2)(C); 37(d).

■ A deponent who realizes he cannot appear at a scheduled deposition bears the burden under Rule 30 of the Federal Rules to get an order postponing the deposition. In the absence of such as order, the duty to appear remains. *Fisher v. Henderson*, 105 F.R.D. 515, 517 (N.D.Tex.1985).

The Court of Appeals for the Fifth Circuit has interpreted Rule 37 in a number of cases, reviewing various sanctions imposed by the district courts. For instance, the court recognized that "dismissal with prejudice is a harsh action, to be used only in extreme circumstances, but we are also mindful that '[d]eliberate, repeated refusals to comply with discovery orders ... justify the use of this ultimate sanction.'" *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083 (5th Cir.1985), *quoting Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir.1979). *Kabbe* involved a plaintiff who failed to attend depositions on two occasions, the second instance violating the court's order that she attend and warning that failure to attend would result in dismissal of the case with prejudice. 752 F.2d at 1084. The plaintiff notified defendant's counsel that she would not attend the deposition as ordered. *Id.* at 1085. The district court dismissed the case with prejudice, and the Court of Appeals affirmed, finding no abuse of discretion.

The Court of Appeals again reviewed a district court's imposition of sanctions under Rule 37 in *Technical Chemical Co. v. Ig–Lo Products Corp.*, 812 F.2d 222 (5th Cir.1987). In that case the Court recognized the distinction between bad faith or willful disobedience and an inability to comply with the court's order. 812 F.2d at 224.

This case is not the court's first encounter with the plaintiffs. On March 17, 1988 sanctions were imposed against Evelyn Katsalis–Hare and Van Edwin Hare, Sr., in the amount of $2,266.00 as expenses for failure to appear at depositions and for the filing of the Motion to Compel in the case styled *Evelyn Katsalis and Alton Hare v. American Livestock Insurance Company*, Cause No. B–87–0172–CA. The Certifi-

cates of Non Appearance in the present case and the failure of plaintiffs to appear at the pretrial conference as ordered indicate a pattern of discovery abuse by the plaintiffs.

■ Defendant urges the court to dismiss the case with prejudice, the harshest result available under Rule 37. In light of the plaintiffs' purported illness and the lack of orders by this court directing the plaintiffs to appear at the November and December 1989 depositions, and the fact they are currently without representation, the more appropriate measure is to strike the plaintiffs' complaint. The plaintiffs will be allowed to refile the suit should they decide that they are able to comply with the rules governing discovery, in which case this court can closely monitor the discovery process.

It is, accordingly, ORDERED that pleadings of the plaintiffs herein be, and they are stricken.

Costs are taxed against the plaintiffs.