## In re RIVER RIDGE RANCH, INC., Debtor.

### No. 05–50874.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

March 28, 2006.

Matthew J. Thompson, Hilliard, OH, for Debtor.

### ORDER ON MOTION TO HOLD DANNY PARROTT IN CONTEMPT AND MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of the following motions and responses:

1. Motion For Contempt on Danny Parrott (Doc. # 111) filed on behalf of Creditors William Jones, Alva Lee, Carol Lee, and Donald Ursitz (hereinafter "Creditors");

2. Danny Parrott's Memorandum in Opposition to Motion For Contempt on Danny Parrott (Doc. # 118);

3. Dan Parrott's Motion to Quash Subpoena or For Protective Order (Doc. # 105); and

4. Amended Memorandum Contra of Certain Creditors to Dan Parrott's Motion to Quash Subpoena or For Protective Order (Doc. # 107).

The facts relevant to these matters are without serious dispute and may be summarized as follows: On November 10, 2005, Creditors filed a Notice to Take Deposition, setting deposition of Danny Parrott for Friday, November 18, 2005. The Notice directed the witness to bring to the deposition documents of any kind or character relating to the Debtor's position on the Motion of Certain Creditors to Determine Tangible Personal Property of The Estate (Doc. # 100), including proof of ownership of all items located on the Debtor's premises but which were not property of the estate. The Certificate of Service

indicated that a copy of the Notice was electronically served on the Debtor and the Debtor's attorney and by ordinary mail on Dan Parrott, but the Certificate does not indicate service on counsel for Mr. Parrott, Michael Bornstein. Mr. Bornstein had filed a Notice of Appearance and Request for Notice (Doc. # 50) on July 29, 2005, entering his appearance as counsel for Daniel Parrott in his individual capacity. However, the receipt generated by the Court's Electronic Case Filing System ("ECF"), which is created when a document is electronically filed, indicates that counsel for Mr. Parrott, Michael Bornstein, was served electronically. Creditors subsequently caused issuance of a Subpoena, which was served on Danny Parrott on November 16, 2005, at the Debtor's premises. The Subpoena was issued to Daniel Parrott, individually, rather than to the Debtor, a corporate designee, or any person in his/her capacity as an officer or employee of the Debtor.

Mr. Parrott filed a Motion to Quash Subpoena or For Protective Order on November 16, 2005, less than two days prior to the designated time for the deposition. Mr. Parrott did not bring the Motion to the Court's attention or request that the Motion be heard on an expedited basis, nor did Mr. Parrott or the Debtor notify Creditors that Mr. Parrott would not appear at the scheduled deposition on November 18, 2005. He, in fact, did not appear and the deposition was not held. On November 25, 2005, Creditors filed a Motion to Hold Danny Parrott in Contempt for his failure to respond to the subpoena and appear for the deposition. At the invitation of the Court, Creditors filed an itemization of expenses caused by the failure of Danny

Parrott to attend the deposition; the expenses itemized consisted of a court reporter fee of $75.00, the travel expenses of $528.31 incurred by Creditor Donald Ursitz to attend the scheduled deposition, and an itemization of attorney fees in the amount of $1,069.50.[1]

### A. Danny Parrott's Motion to Quash Subpoena or For Protective Order.

■ On November 16, 2005, counsel for Danny Parrott filed a Motion seeking to quash the subpoena served upon Mr. Parrott on November 16, or to issue a protective order, on the basis that Mr. Parrott had hunts scheduled at the Debtor's facility on November 18 and is required to be at the facility to supervising hunts. Therefore, he was not able to attend the November 18th deposition. The Motion further asserts that Creditors did not provide Parrott with reasonable notice of the deposition.

Federal Rule of Civil Procedure 26©, applicable to contested matters in bankruptcy proceedings by virtue of Bankr. Rules 7026 and 9014, addresses protective orders and provides as follows (emphasis added):

> Upon motion of a party or by a person from whom discovery is sought, *accompanied by a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action,* and for good cause shown, the court in which the action is pending ... may make an order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....

---

1. Creditors request attorney's fees for services rendered preparing and filing the motion for contempt, preparation of a motion for expedited hearing, attendance at a hearing on a disclosure statement and to determine property of the estate, and preparation of the itemization.

Local Bankruptcy Rule 7026–1(a) further provides that no motions or other papers shall be filed pursuant to Bankruptcy Rule 7026, *et seq.*, unless extrajudicial means for the resolution of the discovery dispute have been exhausted. LBR 7026–1(b) specifies that such a motion shall be accompanied by an affidavit of counsel setting forth the extrajudicial means that have been attempted to resolve the dispute including a statement that the movant has met in person with opposing counsel or has offered in writing to meet with opposing counsel and the offer has been refused or there has been no response.

Mr. Parrott's Motion did not contain the certification or affidavits required by Rules. Furthermore, as discussed in more detail below, Mr. Parrott's Motion was not brought to the attention of the Court prior to the date set for the deposition. Finally, a deposition was subsequently held, rendering Parrott's Motion moot. For all of the foregoing reasons, Parrott's Motion shall be denied.[2]

### B. *Motion to Hold Danny Parrott in Contempt*

Upon Danny Parrott's failure to attend the deposition scheduled for November 18, 2005, Creditors filed the Motion to hold Mr. Parrott in contempt. Mr. Parrott responded that Creditors' Notice to Take Deposition was unclear whether Mr. Parrott was being deposed as a nonparty witness or the corporate designee of the Debtor, and that Mr. Parrott's counsel was not included in the Certificate of Service, but moreover, that Mr. Parrott was subpoenaed as a nonparty witness and therefore his rights are governed by FED. R. CIV. P. 45 (rather than FED. R. CIV. P. 37).

■ The Rules cited above pertaining to discovery disputes apply to Creditors' Motion as well as Mr. Parrott's Motion, and similarly, Creditors' Motion fails to contain any of the certifications or affidavits required by the Federal Rules of Civil Procedure or the Local Bankruptcy Rules. This is not surprising, given the acrimonious relationship between the Debtor and Parrott on one hand, and the Creditors on the other. However, consistent with the spirit of the rules pertaining to discovery, it has long been the practice in this district that parties cooperate in exchange of discovery, including depositions. It is partially the role of counsel to inject objectivity and the "cooler head" when parties' adversarial nature impede the exchange of information. Unfortunately, counsel for Creditors, according to the facts stated in his own Motion, filed his Notice to Take Deposition without conferring adequately with opposing counsel on a mutually convenient date.[3] On the other hand, neither counsel

---

2. The Court also observes that Parrott's Motion sought a protective order regarding the documentary request set forth in the notice and the subpoena. However, the Motion did nothing more than state that the discovery request was unreasonable and overly burdensome on the basis that it is impossible for Parrott to produce proof of ownership because people simply don't keep receipts for every item of personal property in their house. The Court notes that this is not a basis on which to find that the discovery request is unreasonable or burdensome; if the deponent does not have the documentation requested, he simply does not have it and should so explain or testify.

3. Although counsel for Creditors asserts that he contacted opposing counsel to set a mutually convenient date, he filed the Notice to Take Deposition at approximately 1.30 p.m. on the same day as the telephone message was left for opposing counsel: Therefore, even assuming that he made the call to opposing counsel at 8:00 a.m., he allowed opposing counsel only four to five hours in which to check his schedule, contact his client, to contact other involved counsel or parties, and return the call. While it should be aspiration-

for Mr. Parrott nor counsel for the Debtor attempted to contact counsel for Creditors upon receipt of the Notice to Take Deposition until two days prior to the deposition date. Although a Motion for Protective Order was filed by Mr. Parrott, the Motion was not directed to the Court's attention in an effort to schedule a hearing prior to the deposition and counsel for Mr. Parrott did not alert counsel for Creditors that Mr. Parrott declined to attend.[4] As stated by the Court in *Alexander v. FBI,* 186 F.R.D. 78, 86 (D.D.C.1998), filing of a Motion For Protective Order under Rule 26© is not self-executing; the parties seeking the protective order must obtain an order prior to the time scheduled for the deposition or discovery being sought. *See also, Robert Billet Promotions v. IMI Cornelius,* 1995 WL 672385, 1995 U.S. Dist. Lexis 16807 (E.D.Pa.1995); *Hare v. Government Employees Ins. Co.,* 132 F.R.D. 448 (E.D.Tex.1990); Advisory Committee Notes of the 1993 Amendments. Mr..Parrott's failure to proceed in the proper fashion or to notify counsel for Creditors that he did not intend to appear for the deposition resulted in expense to Creditors which could easily been avoided. Under the cir-

cumstances, it is appropriate to the Court to award expenses to Creditors.

The expenses sought by the Creditors consist of the following:

| | | |
|---|---|---|
| 1. | Court reporter | $ 75.00 |
| 2. | Travel costs of Donald Ursitz | |
| | a.  Mileage (654 miles, 48.5 cents per mile) | 317.19 |
| | b.  Three meals and coffee breaks | 342.00 [5] |
| 3. | Attorney fees for preparation of motions for contempt, motion for expedited hearing, motion (sic) for expenses | 661.00 [6] |

Inasmuch as the Motion did not contain the requisite certifications as required by the Bankruptcy Rules and Local Bankruptcy Rules, and appropriate communication between counsel could have obviated the need for such a Motion, the Court will not award fees incurred in connection with that Motion, and will not award any fees in connection with the related Motion for expedited hearing. However, even if Mr. Parrott's failure to attend the deposition could have been substantially justified (an allegation which has not been proven to the Court's satisfaction), his failure to notify opposing counsel that he would not appear caused Creditors' to incur significant expense. Thus, the amounts awarded will be the court reporter fees, the travel expenses of Mr. Ursitz outlined above, and counsel fees for preparation of the itemiza-

al, absent an urgent situation, the Court does not consider this reasonable.

4.   Counsel for Mr. Parrott complains that he is not listed on the Certificate of Service of Creditors' Motion. However, the ECF reflects that the Notice to Take Deposition was served on counsel for Mr. Parrott the same day as it was filed. ECF Procedure 2 provides that registration as a filer or user with ECF constitutes waiver of personal service or service by mail of documents filed in a case and further constitutes consent to electronic service of all filed documents to which the filer or user is entitled.

5.   The Exhibit filed with Certain Creditors' Reply to Danny Parrott labeled "Travel Expenses" included a line item for "travel, break and office time total is 16.5 hrs.  × $10.25 per hour equals $169.12." The Court does not

know what this means and the line item is not explained or substantiated; therefore it will not be allowed.

6.   Also included in the itemization of attorney fees is time expended in attendance at a court hearing to consider the Debtor's Disclosure Statement and a Motion to Determine Property of the Estate. This is not connected to the Motion for contempt or Mr. Parrott's failure to attend the scheduled deposition. Although there was discussion at the hearing pertaining to Creditor's Motion for Contempt, the discussion was initiated by the Court, the motion had not been set for hearing on that date and the parties attendance was on account of other matters duly noticed for hearing at that time. Therefore, this fee will not be allowed.

tion of expenses, which was filed at the Court's request.

Creditors also filed a Motion for Expedited Hearing on November 29, 2005, requesting that the Court hold a hearing on the Creditors' Motion to Hold Danny Parrott in Contempt during the hearing already scheduled for that day. For obvious reasons, the Motion for Expedited Hearing will be DENIED.

B. *Conclusion*

In light of the foregoing, it is

1. **ORDERED AND ADJUDGED** that Danny Parrott's Motion to Quash Subpoena or For Protective Order hereby is **DENIED.**

2. **ORDERED AND ADJUDGED** that the Motion to Hold Danny Parrott in contempt is **GRANTED** in part, and Danny Parrott is ordered to pay to counsel for Creditors the sum of $ 713.69 within 7 days of the date of entry of this Order.

3. **ORDERED AND ADJUDGED** that the Creditors' Motion for Expedited Hearing is **DENIED.**

IT IS SO ORDERED.