**FACTORY AIR CONDITIONING CORP.,**
**Plaintiff-Appellee,**

v.

**WESTSIDE TOYOTA, INC.,**
**Defendant-Appellant.**

**No. 78–1481**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1978.

Ronald Hornberger, Jerry A. Gibson, San Antonio, Tex., for defendant-appellant.

LeLaurin, Adams, Eichelbaum & Sanders, Arch G. Adams, Melvin N. Eichelbaum, San Antonio, Tex., for plaintiff-appellee.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before GOLDBERG, AINSWORTH, and HILL, Circuit Judges.

PER CURIAM:

We affirm the judgment appealed from for the reasons given in the district court's Order, which we attach here as an appendix.

We also leave undisturbed the district court's award of attorney's fees. *See* V.T. A.C.S. § 2226.

AFFIRMED.

## APPENDIX

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FACTORY AIR CONDITIONING CORP. | ) | |
| | ) | |
| VS. | ) | SA–76–CA–329 |
| | ) | |
| WESTSIDE TOYOTA, INC. | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM SANCTIONS AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT

Pending are: (1) Plaintiff's motion for judgment to be entered in its favor on the complaint and on the counterclaim as a sanction for Defendant's failure to answer certain interrogatories, and (2) Defendant's motion for relief from the imposition of any such sanction. For the following reasons, Plaintiff's motion is granted, and Defendant's motion is denied.

On November 3, 1976, Plaintiff filed its complaint, seeking to recover from the Defendant the sum of $14,724.03. Plaintiff alleged that this sum was due and owing on an open account Defendant had with Plaintiff for the purchase of automobile air conditioning units. Plaintiff also sought a recovery of reasonable attorney's fees under Vernon's Ann.Civ.St. art. 2226. On January 4, 1977, Defendant filed its answer and counterclaim. The answer alleged that the air conditioning units supplied to the Defendant were not reasonably fit for the purposes for which they were intended. The counterclaim sought damages caused by the Defendant's having had to replace defective air conditioning units for its customers. Defendant sought $9,000.00 in replacement costs and $20,000.00 in damages for loss of good will and reputation.

On January 6, 1977, pursuant to a standing order of this Court, the Clerk entered this Court's Order Preliminary to Pretrial and Pretrial Memorandum. In accordance with Local Rule 26, the Order Preliminary to Pretrial ordered that discovery be completed on or before April 6, 1977; that a conference of attorneys be held one month thereafter; and that the proposed pretrial order be submitted within two months after April 6, 1977. Paragraph 6 of the Order Preliminary to Pretrial contained the following language:

> If there is a failure of the parties to comply with this order, the Court may impose penalties or sanctions, including dismissal of the action, etc. Local Rule 26(s).

On or about February 8, 1977, Plaintiff filed and served upon Defendant a total of 69 interrogatories. The certificate of service attached to those interrogatories indicates that they were served upon Homer W. Forrester, Defendant's Arizona counsel of record, and upon Richard C. Keene, Defendant's local counsel of record. On February 22, 1977, Mr. Keene filed objections to these interrogatories on behalf of the Defendant. Various objections—both general and specific—were lodged against all of the interrogatories; not one of the interrogatories was answered.

On February 23, 1977, Plaintiff moved for an order compelling Defendant to answer the interrogatories. However, the motion did not bear a Local Rule 14(n) certificate indicating that counsel had conferred with each other in an attempt to resolve their differences. Consequently, on March 15, 1977, this Court struck Plaintiff's motion to compel, but without prejudice to Plaintiff's refiling its motion with an appropriate Rule 14(n) certificate. In that order the Court noted, parenthetically, that "the objections Defendant has lodged to certain specific interrogatories do not excuse it from answering other interrogatories in accordance with Rule 33(a), F.R.Civ.P. In this connection, Defendant's blanket objection to the interrogatories on the grounds that their numerosity makes them oppressive is unacceptable."

On March 29, 1977, Plaintiff filed an amended motion to compel answers to interrogatories. In that motion Plaintiff's counsel alleged that it was impossible for him to comply with Local Rule 14(n) because Mr. Keene, Defendant's local counsel, had failed to respond to telephone calls and a letter directed to him.

On May 6, 1977, in accordance with Local Rule 26(s), Plaintiff's counsel filed an affidavit disclosing, with particularity, all the circumstances relating to the refusal of Mr. Keene to cooperate and comply with the provisions of Local Rule 26. In particular, the affidavit spelled out the difficulty Plaintiff's counsel was having in attempting to get the Defendant to answer its interrogatories. In concluding the affidavit, Plaintiff's counsel requested that, pursuant to Local Rule 26(s), the Court impose such penalties or invoke such sanctions as the circumstances might warrant.

Also on May 6, 1977, Mr. Keene moved to withdraw as attorney of record for the Defendant. In that motion Mr. Keene stated as grounds for his request the following:

1. The Plaintiff caused to be served upon attorney for Defendant his first set of interrogatories on February 8, 1977. Plaintiff additionally caused a copy of these interrogatories to be served upon the Honorable Homer W. Forrester of Lake Havasu City, Arizona, who has also entered his appearance as attorney for this Defendant. This attorney caused to be sent to Mr. Forrester and to this Defendant copies of the interrogatories and a request was made for Defendant to prepare their answers to same. These were sent to Defendant on February 15, 1977.

2. Despite repeated requests from this attorney to Defendant and to their Arizona attorney, Defendant has not contacted this attorney and has not furnished to this attorney answers with which to answer Plaintiff's interrogatories. In fact, Defendant has refused to cooperate with this attorney in the preparation of this case.

On May 16, 1977, this Court entered an order denying Mr. Keene's motion to withdraw "[u]ntil such time as the Defendant, through its Arizona attorney, joins in Mr. Keene's motion and designates another local counsel in accordance with Local Rule 4. . . ." Also on May 16, 1977, this Court entered a separate order granting in part Plaintiff's amended motion to compel. That order read as follows:

Plaintiff's amended motion to compel the Defendant to answer the interrogatories propounded to it on or about February 8, 1977, is granted as to all requests except numbers 4(h), 6(c), 54, and 67. Accordingly, on or before May 31, 1977, the Defendant will serve its answers to the remaining interrogatories on the Plaintiff. If the answer to any interrogatory may be derived from an inspection of the business records of the Defendant and the burden of deriving such information is substantially the same for the Plaintiff as the Defendant, the Defendant may answer the interrogatory in accordance with Rule 33(c), F.R.Civ.P.

Plaintiff's request for sanctions against Defendant under Local Rule 26(s) is denied, but without prejudice to its reurgal if Defendant fails to comply with this order.

The next instrument filed with the Clerk was on June 16, 1977. On that date Plaintiff filed a motion reurging that sanctions be imposed pursuant to Local Rule 26(s). The motion alleged that, as of June 15, 1977, the Defendant had still failed to answer any of Plaintiff's interrogatories. In the motion Plaintiff's counsel indicated that, in his opinion, the failure to cooperate "lies with the Defendant, and not with its counsel, who the undersigned attorney believes have acted in good faith in attempting to secure cooperation from their client."

No response to Plaintiff's motion reurging sanctions was filed by the Defendant, and on July 20, 1977, this Court entered its order granting Plaintiff's motion for sanctions. The order provided as follows:

On May 16, 1977, this Court granted Plaintiff's Motion to Compel Answers to Interrogatories to the extent of requiring Defendant to serve its answers on Plaintiff by May 31, 1977, to all requests except those numbered 4(h), 6(c), 54 and 67. This Court denied Plaintiff's request for sanctions but specified that the denial was without prejudice to reurgal if Defendant failed to comply with the Order. By instrument filed June 16, 1977, Plaintiff has reurged its Motion for Sanctions. To this date, Defendant has failed to comply with this Court's Order of May 16th. From the allegations in the Motion to Withdraw of Defendant's own local counsel, it would appear that the Defendant is flagrantly disregarding the order of this Court. Consequently, Plaintiff's Motion for Sanctions under Rule 37(b)(2), F.R.Cr.P. [sic] is granted to the following extent:

On or before July 27, 1977, the Defendant will comply with this Court's Order of May 16th, or its answer and counterclaim will be stricken and judgment entered for Plaintiff on both the complaint and the counterclaim. See *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379 (5th Cir. 1976).

On August 10, 1977, Plaintiff filed its motion for default judgment against the Defendant based on Defendant's failure to comply with this Court's order of July 20. Also on August 10, the Defendant, having retained new counsel, filed its motion for relief from sanctions and for substitution of counsel of record. Defendant's motion alleged that its failure to obey this Court's order had been occasioned by misplaced reliance on the advice of Mr. Forrester. On August 15, 1977, Defendant supported its motion with the affidavit of Tom Hood, Defendant's president. Among other things, Mr. Hood's affidavit alleged the following:

4. Defendant was never informed by Attorney Homer Forrester of the necessity of responding to Plaintiff's First Interrogatories filed herein and at all material times herein, Defendant could have responded and will respond within ten days from this date;

5. At all times herein, Defendant relied upon its attorney to advise Defendant of its responsibilities in connection with this action;

It is significant to note, however, that Mr. Hood did not allege that Mr. Keene never informed him of the necessity of responding to Plaintiff's interrogatories.

Finally, on August 23, 1977, Defendant filed its answers to Plaintiff's interrogatories.

On the basis of these facts, which appear on the record, the Court finds that it must grant Plaintiff's motion for judgment and deny Defendant's motion for relief from sanctions. To do otherwise would be an open admission by this Court that it can do nothing when a party in a civil suit deliberately flouts its orders. See *National Hockey League v. Met. Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

The Court is aware of the line of authority which says that sanctions should not be imposed on an innocent litigant who is in no way connected with or responsible for the conduct of his counsel. See *Ramsay v. Bai-*

*ley,* 531 F.2d 706, 709 n.2 (5th Cir. 1976), and cases cited therein.[1] But in this case, as Defendant's own counsel, Mr. Keene, pointed out in his motion to withdraw, the Defendant failed to furnish answers to the interrogatories despite Mr. Keene's repeated requests to the Defendant to do so.

In the order of July 20, 1977, this Court unequivocally put the Defendant on notice that, if it did not answer the required interrogatories by July 27, 1977, "its answer and counterclaim will be stricken and judgment entered for Plaintiff on both the complaint and the counterclaim. See *Emerick v. Fenick Industries, Inc.,* 539 F.2d 1379 (5th Cir. 1976)." The Court's purpose in citing *Emerick* was to put the Defendant on notice that the Court was not going to tolerate any further delay on the part of the Defendant in answering the required interrogatories. Yet, in spite of this clear warning, the Defendant elected to flout the Court's order. Not until August 10, 1977—a full 2 weeks after July 27, 1977—did the Defendant file anything in response to the Court's order. Between July 20, 1977, and August 10, 1977, the Defendant filed nothing—no motion for protective order or for an extension of time to comply with the Court's order. The record demonstrates flagrant bad faith and callous disregard of its responsibilities on the part of the Defendant. To absolve the Defendant from the forewarned consequences of its own actions would be to invite other litigants to flout the orders of this Court. Consequently, Defendant's motion for relief from sanctions is denied. Plaintiff's motion for judgment is granted. *Emerick v. Fenick Industries, Inc., supra.* Any lesser sanction would not serve the best interests of justice. The Defendant's answer and counterclaim are stricken from the record.

Judgment will be entered for the Plaintiff on the complaint in the amount of $14,724.03 . . ..

---

**1.** But *see Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.