**PROPERTIES INTERNATIONAL LTD.,**
**a Barbados corporation,**
**Plaintiff-Appellant,**

v.

**Glenn W. TURNER, et al.,**
**Defendants-Appellees.**

**No. 82–3036**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 31, 1983.

Charles S. Dale, Jr., Fort Lauderdale, Fla., for plaintiff-appellant.

Kendell Wherry, Asst. U.S. Atty., Orlando, Fla., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, III, Gilbert S. Rothenberg, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal arising from consolidated proceedings to foreclose various mortgages and federal tax liens on real property owned by Glenn W. Turner. Properties International Limited (PIL), assignee of one of the mortgages, was sanctioned by the district court for failure to comply with various discovery orders. These sanctions included dismissal of PIL's complaint seeking foreclosure of its mortgage, declaration that the mortgage was unenforceable, cancellation of PIL's tax sale certificate on the property, and striking of PIL's answer to the Government's supplemental complaint seeking foreclosure of its tax liens on the property. PIL appeals imposition of these sanctions and we affirm.

## FACTS

Mr. Turner and his former wife, Alice A. Turner, own two tracts of land. The larger tract is encumbered by a first mortgage originally held by First State Bank of Miami. The smaller tract is not encumbered by a specific mortgage but has numerous tax sale certificates outstanding against it. The entire property is encumbered by a second mortgage held by the JAR/T Trust, an entity which the Government contends is controlled by Mr. Turner. The entire property is also encumbered by federal tax liens of over $1.1 million against Mr. Turner.

PIL, a Barbados corporation, gained an interest by purchasing the note and mortgage held by First State Bank and a tax sale certificate on the smaller tract. PIL sought to substitute itself for First State Bank in these proceedings and the bank sought to dismiss its case. The district court refused to permit this substitution because it had no assurance that PIL would submit itself to the jurisdiction of the court, and PIL had not provided information about the persons who controlled the corporation. The Government suspects that PIL is owned or controlled by Mr. Turner or his associates. If true, PIL could not be permitted to enforce the mortgage. PIL later agreed to submit to the jurisdiction of the district court, but it did not and has not disclosed whether Mr. Turner or anyone associated with him has an interest in the corporation.

After the court refused to allow this substitution, various depositions, interrogatories, court hearings and orders sought information of the true nature of PIL. PIL failed to supply witnesses at depositions, incompletely answered interrogatories and failed to cooperate with Government discovery or the district court. The Government filed motions for sanctions against PIL and seeking cooperation with discovery. A magistrate held a hearing on the motion to impose sanctions. As a result, the magistrate made a Report and Recommendation to the district court, recommending that the

sanctions be imposed. In its report, the magistrate made the following findings:

1.) That on April 10, 1981, Properties [PIL] failed to appear for a deposition duly noticed by the United States.

2.) That Properties has failed to respond to the 6th set of interrogatories served by the United States on April 28, 1981.

3.) That Properties failed to file objections or seek a protective order in response to the discovery initiatives of the United States.

4.) That the explanation of Properties; that it was impossible to identify the proper individual to appear for the April 10, 1981 deposition, and that Barbadian law permits directors of a corporation to refuse to disclose financial documents; is insufficient, at this late date, to justify or explain its willful failure to provide or permit discovery.

The district court then held a hearing and adopted the findings of the magistrate. Instead of imposing the requested sanctions, the district court ordered PIL to provide the Government with complete discovery. Again, PIL failed to cooperate. The district court held another hearing on the motions for sanctions and a motion for entry of default judgment. In accordance with the findings made at that hearing, a judgment was entered in the form of a Rule 37(b) judgment and provided for: (1) dismissal with prejudice of PIL's foreclosure suit; (2) striking of PIL's answer to the Government's supplemental complaint in the Government's foreclosure action; (3) a declaration that PIL's note and mortgage on the property are unenforceable; (4) the cancellation of PIL's tax sale certificate on the property; and (5) a declaration that any judicial foreclosure sale of the property be made free and clear of any interest held by PIL.

## DISCUSSION

■ PIL's first argument is that the sanctions imposed by the district court are unjustifiably harsh. The district court reached its conclusions after four hearings on PIL's conduct in the case (two before the magistrate and two before the district judge). It is settled law that the imposition of sanctions for failure to provide discovery rests with the sound discretion of the district court and will not be overturned absent abuse of that discretion. *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Phillips v. Insurance Co. of North America,* 633 F.2d 1165 (5th Cir. 1981); *Morton v. Harris,* 628 F.2d 438 (5th Cir.1980); *Marshall v. Segona,* 621 F.2d 763 (5th Cir.1980). There is ample evidence to support the sanctions in this case. PIL repeatedly failed to provide witnesses at depositions and hearings, and incompletely replied to interrogatories. The district court's findings of PIL's "willful failure" and "flagrant refusal" are well-supported conclusions. *Bonaventure v. Butler,* 593 F.2d 625 (5th Cir.1979); *Factory Air Conditioning Corp. v. Westside Toyota, Inc.,* 579 F.2d 334 (5th Cir.1978). Certainly, there has been no abuse of discretion. PIL must bear the consequences of their refusal to cooperate.

■ Second, PIL argues that the Government did not comply with the procedures required by Rule 37(b) Fed.R.Civ.P. and, therefore, they are not entitled to sanctions under that rule. Specifically, PIL contends that the Government never moved for an order to compel discovery. Review of the record reveals that their contention is not correct. The Government did move for an order directing PIL to comply with their discovery requests. Record at 693. Further, Rule 37(b) provides that sanctions may be imposed where a party "fails to obey an order to provide or permit discovery." There is no requirement that the opposing party move for this order—only that it be issued and disobeyed. Here, on May 6, 1981, the district court ordered PIL "to provide the United States ... with complete discovery." Record at 1007. When PIL failed to comply, the sanctions of Rule 37(b) were properly brought to bear.

PIL's third argument is totally without merit. They contend that sanctions cannot

be imposed because the Government "failed to pursue other sources of information available to it." The Government clearly has pursued discovery from other parties in the case. Further, discovery may be had from all parties, *United States v. Procter & Gamble Co.,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and is properly sought in this case.

 Similarly, PIL's argument that the note and mortgage are still in the possession of First State Bank and, therefore, the district court lacked jurisdiction since the bank is no longer a party to this litigation is without merit. PIL asserted that the note and mortgage had been assigned as the basis for their being substituted for the bank in the action in the first place. They may not now complain of court action consistent with their representations.

The action of the district court is AFFIRMED.