**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**$239,500 IN U.S. CURRENCY,
Defendant-Appellant.**

**Arthur Clyde Ellis, Jr., and Free Zone Bank, Ltd., Claimants-Appellants.**

**No. 84–5670.**

United States Court of Appeals,
Eleventh Circuit.

July 1, 1985.

Peter S. Herrick, Miami, Fla., for defendant-appellant.

Robert A. Rosenberg, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY and KRAVITCH, Circuit Judges, and THOMAS *, District Judge.

PER CURIAM:

The sole issue in this forfeiture case is whether the district court erred in ordering that defendant currency be forfeited and that appellants' claims of an interest in the currency be stricken for their failure to comply with an order of the court directing their appearance for deposition. 31 U.S.C.A. § 5317(c); Fed.R.Civ.P. 37(b). Finding that the district court did not abuse its discretion, we affirm.

The Government filed a complaint alleging that Arthur Clyde Ellis violated 31 U.S.C.A. § 5316 by attempting to board a plane bound for Costa Rica from the United States without reporting the $239,500 he was carrying in his bag and on his person. Under 31 U.S.C.A. § 5316 an individual must report any currency in excess of $5,000 being carried outside the country. If no report has been filed the currency is subject to forfeiture under 31 U.S.C.A. § 5317(c).

Pursuant to that statute the Government filed a Complaint for Forfeiture In Rem against the currency itself. The district court issued a Warrant of Arrest In Rem against the currency directing the marshal for the Southern District of Florida to take the defendant currency into his custody and to admonish the owner or possessor of the currency to appear and file a claim in district court. Through their attorney, Arthur Clyde Ellis and the Free Zone Bank, Ltd. filed a claim. The attorney was served with notices of deposition for Ellis and the president or chief executive officer of Free Zone Bank. The depositions were set for June 8, 1984.

The deponents (claimants) failed to appear and a motion for sanctions was filed under Fed.R.Civ.P. 37(b). The district court treated the motion for sanctions as a motion to compel discovery. It ordered each claimant to appear for deposition on July 6, 1984, with the admonition that "if claimants failed to appear" as ordered "the claims will be stricken." Claimants failed to appear for these depositions. The Government then moved for dismissal of claimants' claims and for judgment of forfeiture in its favor. Claimants' counsel stated, in response, that Ellis "refused to disclose (to his own attorneys) where he could be reached telephonically because of the fact that he was busily obtaining defense counsel in connection with the indictments that were filed against him at an earlier date."

The Government's reply noted that Ellis was the General Manager of the Bank and its agent. It also noted that Ellis was a

* Honorable Daniel H. Thomas, U.S. District Judge for the Southern District of Alabama, sitting by designation.

fugitive from justice and again requested that the claims be dismissed. The district court agreed and dismissed all claims under Fed.R.Civ.P. 37(b). Thereafter, judgment was entered for the Government forfeiting the defendant currency under 31 U.S.C.A. § 5317(c).

Claimants' argument that the district court should be reversed because "the Government would never prevail in this action" is without merit. The probable merit of the Government's case is irrelevant to the controversy at issue. Discovery orders must be obeyed even by those foreseeing ultimate success in the district court. Sanctions were asked for under Fed.R.Civ.P. 37(b) after claimants twice failed to appear for deposition. Claimants disobeyed the district court's order when they failed to appear for the second time. While dismissal is a severe sanction, the imposition of sanctions for failure to provide discovery rests within the trial court's discretion and will not be overturned absent abuse of that discretion. *Properties Intern. Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir.1983). Nothing in the record indicates the district court abused its discretion.

The district court did not err in forfeiting the defendant $239,500 to the Government. 31 U.S.C.A. § 5317(c) provides for forfeiture if 31 U.S.C.A. § 5316 is violated. The dismissal of the claims left no issue before the court as to the forfeiture and left appellants without standing to contest the merits of the Government's claim. The entire sum was subject to forfeiture. *United States v. Currency Totalling $43,318.08*, 609 F.2d 210 (5th Cir.1980).

AFFIRMED.