UNITED STATES of America, Plaintiff,

v.

ONE LOT OF U.S. CURRENCY
TOTALLING $506,537.00,
Defendant.

No. 85–2130–CIV–SCOTT.

United States District Court,
S.D. Florida,
Miami Division.

Feb. 24, 1986.

Jonathan Goodman, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Robert I. Targ, Pave & Targ, Miami, Fla., for defendant.

FINAL ORDER

SCOTT, District Judge.

This *in rem* civil forfeiture action came before this Court on February 14, 1986 for a status conference. The United States' Motion For Sanctions, Claimant's Motion For A Protective Order and the United

States' request to strike or dismiss Randolph Habibe's claim were before the Court. The parties submitted legal memoranda before the hearing. This Court heard oral argument and took the motions under advisement.

For reasons set forth in more detail below, the Court is dismissing Randolph Habibe's claim with prejudice and granting a final judgment of forfeiture in favor of the United States. In brief, however, this Court is dismissing the claim for two reasons, either one of which is independently sufficient to justify dismissal: (1) Randolph Habibe is a fugitive from justice and is barred from litigating his claim in federal court; and (2) Randolph Habibe has willfully ignored his discovery obligations by repeatedly failing to appear for scheduled depositions, thus subjecting himself to sanctions under Rule 37(d), Federal Rules of Civil Procedure.

As illustrated below, this Court has given Mr. Habibe wide latitude to purge his prior discovery abuses and alter his status as a fugitive from justice. Mr. Habibe, however, has refused this Court's final invitation that he appear for deposition.

## FACTUAL BACKGROUND

On August 13, 1983, the defendant currency[1] was seized at Miami International Airport. The United States alleged that the currency should be forfeited to the government under 31 U.S.C. § 5317 because no report of the transportation of the currency was filed with the United States Customs Service, as required by 31 U.S.C. § 5316 and the regulations promulgated by the Secretary of Treasury.

On July 27, 1984, a warrant for Randolph Habibe's arrest was issued. The charges in the arrest warrant—aiding and abetting the failure to file U.S. Customs Form 4790[2] in connection with the export of the defendant currency—directly relate to the factual scenario underlying this forfeiture action. The forfeiture action against the defendant currency was filed on June 5, 1985.

Randolph Habibe interposed a claim in this *in rem* civil forfeiture action. Over the past several months, he has filed motions and memoranda with the Court. His counsel has been accorded oral argument. After voluntarily filing a claim, claimant availed himself of the discovery tools open to federal court litigants. For example, he propounded interrogatories to the United States, which answered them.

The United States noticed Mr. Habibe for a deposition on September 20, 1985. Mr. Habibe did not appear for his scheduled deposition. Instead, his counsel advised the United States that Mr. Habibe needed to determine whether he would even come to the United States, where he is facing criminal charges.

Several weeks later, the United States again noticed Mr. Habibe for a deposition, scheduling it for October 23, 1985. Mr. Habibe did not appear for this deposition either. His counsel advised the United States that Mr. Habibe needed additional time in which to work out the details (e.g. the amount of bond) of his surrender to federal law enforcement officials.

The United States sent out a *third* notice of taking deposition, scheduling Mr. Habibe's deposition for January 16, 1986. Mr. Habibe did not appear. Two days before the deposition, claimant's counsel advised the Assistant United States Attorney that Mr. Habibe was still "arranging" the details of the trip and would not be coming to his scheduled deposition. Claimant did not seek a protective order, assert any objection or otherwise seek to be excused from the deposition.

---

1. The defendant currency has appreciated since its initial seizure. Pursuant to a Joint Motion For Leave To Deposit Defendant Currency In An Interest Bearing Account, this Court appointed claimant's counsel substitute custodian so that he could deposit the currency in an interest bearing account. According to the February 7, 1986 Report of Substitute Custodian, the repurchase agreement entered into between the bank and claimant's counsel (as trustee for his Court) totalled $519,952.04.

2. Customs Forms 4790 is the report that is filed pursuant to the reporting requirements of 31 U.S.C. § 5316.

Confronted with a claimant who willfully and repeatedly failed to appear for scheduled depositions without benefit of court order, the United States filed a Motion For Sanctions, seeking, among other available sanctions, to have Mr. Habibe's claim stricken under Rule 37(d), Federal Rules of Civil Procedure.[3]

Claimant opposed the motion. In addition, Mr. Habibe filed a motion for a protective order, requesting that the government be compelled to depose him in Aruba.[4]

In claimant's motion for a protective order, he conceded that he does not intend to voluntarily return to the United States. Furthermore, claimant expressly indicated that his failure to appear for his deposition was solely motivated by his desire to avoid the pending criminal charges. By way of example, claimant's motion states that he seeks a protective order "because there is a pending warrant of arrest for claimant" and because "the threat of criminal prosecution precludes claimant from returning to the United States at this time."

Before the status conference, the government submitted a supplemental memoranda of law, pointing out that Mr. Habibe is a "fugitive from justice" who is barred from using the resources of this Court for determination of his claims.

At the status conference, this Court specifically asked claimant's counsel whether Mr. Habibe would be willing to appear for his deposition. In particular, this Court gave claimant an opportunity to purge the prior discovery abuse, inviting him to appear within 10 days (or some other convenient period of time). Claimant's counsel openly refused the offer.

## THE FUGITIVE FROM JUSTICE DOCTRINE

As indicated, this Court is dismissing Mr. Habibe's claim, with prejudice, under the so-called "fugitive from justice" doctrine.

It is beyond preadventure that a fugitive from justice is not entitled to litigate his claim in federal court. Simply stated, a fugitive from justice is not entitled to call upon the resources of court for determination of his case. *See, e.g., Molinaro v. New Jersey,* 396 U.S. 365, 366–67, 90 S.Ct. 498, 499, 24 L.Ed.2d 586 (1970) (convicted appellant's status as a federal fugitive "disentitles the defendant to call upon the resources of the Court for determination of his claims"); *Broadway v. City of Montgomery,* 530 F.2d 657, 659 (5th Cir.1976) ("fugitive from justice is not entitled to call on the resources of an appellate court").

The fugitive-from-justice bar has been applied to all types of legal proceedings. *See, e.g. United States Ex. Rel. Bailey v. U.S. Commanding Officer,* 496 F.2d 324 (1st Cir.1974) (habeas corpus petition dismissed because petitioner escaped from military custody and refused to return); *Doyle v. United States Department of Justice,* 668 F.2d 1365 (D.C.Cir.1981), *cert. denied,* 455 U.S. 1002, 102 S.Ct. 1636, 71 L.Ed.2d 870 (1982) (Freedom of Information Act plaintiff not entitled to call upon resources of the court because he is a fugitive from justice).

In fact, the fugitive-from-justice rule has been used to bar claimants, such as the one involved in the instant case, from determining their case in civil *forfeiture* actions. *See e.g., United States v. $45,940 In U.S. Currency,* 739 F.2d 792 (2d. Cir.1984) (a Canadian who was a fugitive from justice in a United States prosecution was not entitled to assert a claim in a civil forfeiture proceeding).

Claimant, Randolph Habibe, is a federal fugitive from justice. Criminal charges have been pending against him for more than a year (the arrest warrant was issued

---

**3.** Rule 37(d) authorizes the imposition of sanctions, without violation of a court order compelling discovery responses, when "a party … fails to appear before the officer who is to take his deposition, after being served with proper notice."

**4.** The claimant's motion for a protective order was not filed until after he failed to appear for depositions and until after the United States filed a Motion For Sanctions.

on July 27, 1984). Habibe has not returned to this country since the warrant was issued. To the contrary, he has deliberately stayed out of this country. Furthermore, he has refused this Court's offer to appear for a deposition.

■ Claimant incorrectly argued (albeit without citing any supporting authority) that he is not a fugitive from justice because he already returned to Aruba by the time the arrest warrant was issued. This factor, however, is not controlling because a person who learns of charges while legally outside the jurisdiction "constructively flees" by deciding (as Habibe has done) not to return.

The fugitive from justice provision of 18 U.S.C. § 3290 (tolling the statute of limitations to "any person fleeing from justice") encompasses the concept of "constructive flight" because there is no meaningful distinction between those who leave a country and those persons, such as Mr. Habibe, who refuse to return after learning of criminal charges pending against them. *Jhirad v. Ferrandina*, 536 F.2d 478 (2d Cir.1976), *cert. denied*, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). Mr. Habibe, therefore, is a fugitive from justice. *See United States v. $45,940 in United States Currency*, 739 F.2d 792 (2d Cir.1984) (Canadian fugitive from justice barred from pursuing his claim in a civil forfeiture proceeding— even though the criminal charges were filed *after* he left the country and even though he would need to apply for admission to the United States after being deported).

As succinctly stated in *United States v. Catino*, 735 F.2d 718, 722 (2d Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 180, 83 L.Ed.2d 114 (1984):

> The intent to flee from prosecution or arrest may be inferred from a person's *failure to surrender* to authorities once he learns that charges against him are pending. (citations omitted). This is true whether the defendant leaves the jurisdiction intending to avoid prosecution or, having learned of charges while legally outside the jurisdiction, *"constructively flees" by deciding not to return.* (emphasis supplied).

■ By way of providing context, this court notes that claimant's conduct is inherently inequitable. Claimant has taken advantage of the *rights* accorded litigants— but wants to avoid the associated duties. He is trying to use this Court's processes as a sword while attempting to simultaneously shield himself from the same type of judicial process. This type of conduct is, simply stated, unfair. *See, e.g., United States v. $239,500 In U.S. Currency*, 764 F.2d 771 (11th Cir.1985) (claimant who refused to appear for his deposition in a civil forfeiture case had his claim dismissed).

### DISMISSAL AS A SANCTION FOR DISCOVERY ABUSE

Although the fugitive from justice doctrine is, by itself, reason enough to dismiss the claim with prejudice, the discovery abuses are separate, additional reasons for dismissal.

Claimant's flagrant and willful disregard for his discovery obligations cannot be countenanced, especially because *he* has obtained discovery from the government. Not only does it display contempt for this Court and the judicial process, but it severely prejudices the United States' ability to pursue this litigation.

Federal Rules of Civil Procedure 37(d) authorizes the imposition of sanctions, including dismissal, for a complete failure to appear for a deposition after being served with notice. *No* prior court order is required for Rule 37(d) sanctions. Although courts frequently enter an order compelling discovery before entering sanctions, Rule 37(d) authorizes sanctions *without* violation of a prior court order. "Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir.1981). *See also Dorey v. Dorey*, 609 F.2d 1128 (5th Cir.1980) (discovery sanctions may be imposed without a prior viola-

tion of a court order when a party fails to appear for deposition).[5]

■ This Court has *broad* discretion in determining which sanctions it will impose on a party that fails to obey its discovery orders. *Dorey v. Dorey,* 609 F.2d 1128 (5th Cir.1980). *See also Securities and Exchange Commission v. Wencke,* 577 F.2d 619 (9th Cir.1978) (default judgment entered).

Once failure to comply with discovery has occurred, as has unquestionably happened here, it becomes "encumbent on the disobedient party to show that his failure is justified." *David v. Hooker, Ltd.,* 560 F.2d 412 (9th Cir.1977).

■ Claimant has not demonstrated any valid reason for his failure to comply. This Court, as well as the United States, has been more than patient and has given claimant the benefit of every doubt. Under these circumstances, extreme sanctions are appropriate. Without them, claimant can continue to act with impunity.

At this stage in the case, extreme sanctions are required. This Court believes that claimant is precisely the type of litigant that the U.S. Supreme Court had in mind when it held that "Rule 37 sanctions must be applied *diligently* ... to *penalize* those whose conduct may be deemed to warrant such a sanction ..." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980).

This Circuit, and others, has repeatedly affirmed the imposition of extreme sanctions for the discovery conduct involved here (i.e., repeated failures to attend a deposition). *See United States v. $239,500 In U.S. Currency,* 764 F.2d 771 (11th Cir. 1985) (dismissal of claims for failure to attend deposition); *Hashemi v. Campaigner Publications, Inc.,* 737 F.2d 1538 (11th Cir.1984) (dismissal for plaintiff's failure to appear at scheduled depositions); *Bonaventure v. Butler,* 593 F.2d 625 (5th Cir.

1979) (plaintiff's suit dismissed for refusals to appear for scheduled depositions); *Shawmut Boston International Banking Corporation v. Duque-Pena,* 767 F.2d 1504 (11th Cir.1985) (default judgment entered against defendant as a Rule 37 sanction for *inter alia,* failure to attend deposition).

Mr. Habibe's conduct in the instant case is similar to the conduct of five plaintiffs in *Al Barnett & Son, Inc. v. Outboard Marine Corporation,* 611 F.2d 32 (3d Cir. 1979), where the court dismissed their claims for failure to attend scheduled depositions. Similar to the tactics used by Habibe here, the five plaintiffs in *Outboard Marine* did not seek a protective order or raise an objection to the depositions. Instead, their counsel simply notified defense counsel that they would not appear. The plaintiffs there argued (unsuccessfully) that the dismissal sanction was too severe. Furthermore, they argued (again, unsuccessfully) that the Court needed to *first* order them to appear for depositions. In rejecting these arguments, the Court set forth a rationale that is directly applicable to this case:

> Litigants may oppose discovery requests by seeking a protective order from the court. (citations omitted); they cannot be permitted to frustrate discovery by refusing to comply with a proper request.

Because claimant's total failure to appear for deposition is willful and indicative of an irresponsible attitude toward its discovery obligations, this Court has the discretion to impose harsh sanctions, such as striking the claim or entering default judgment. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (court's imposition of extreme sanctions improper only if there is an abuse of discretion); *Properties International Ltd. v. Turner,* 706 F.2d 308 (11th Cir.1983) (impositions of

---

**5.** *In Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), the newly formed Eleventh Circuit adopted as binding precedent all decisions handed down by the Fifth Circuit prior to the close of business on September 30, 1981.

sanctions for discovery abuse will not be overturned unless there is an abuse of discretion). This Court will exercise its broad discretion and dismiss Habibe's claim with prejudice.

The willfulness of Mr. Habibe's failure to provide discovery is not in doubt. This is not a case where a party was not aware of his discovery obligations, nor is it a case where a party attempted to first obtain a protective order. Moreover, this is not a case where the sins of the attorney (e.g., sloppy calendaring of the discovery timetable) would be visited on the client. Similarly, the discovery violations are not the type that might be explained by a party's misconception about the scope of discovery. Instead, this is a case where the party *himself* has intentionally decided to ignore his discovery obligations.

Extreme sanctions are warranted by claimant's past conduct, as well as his refusal to appear here in the future. Because extreme sanctions are designed to penalize parties who ignore discovery obligations, and to serve as a deterrent, *Roadway Express, Inc. v. Piper*, 100 S.Ct. at 2463, Mr. Habibe's willful failures to comply with basic discovery obligations warrant the sanction of dismissal with prejudice.

Because Mr. Habibe is the only claimant in this forfeiture action, the United States is entitled to a final judgment of forfeiture. Pursuant to Rule 58, Federal Rules of Civil Procedure, this Court will enter a separate judgment.