**Wilfredo NAVARRO, Plaintiff,**

v.

**Tony PINEDA, Defendant.**

**No. 83–1654–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Sept. 18, 1987.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon Defendant's, Tony Pineda, Motion for SANCTIONS pursuant to FED.R.CIV.P. 37(d), for the Plaintiff's, Wilfredo Navarro, failure to appear at his properly noticed deposition.

Sanctions, unfortunately, are not unfamiliar to the Plaintiff. Upon a review of the record in this case, it is patently obvi-

**176**

ous that the Plaintiff has shown, if any, a sporadic interest in the furtherance of his claim. This Court has warned the Plaintiff and his ever-changing counsel against, and sanctioned them for their recurring disregard for the procedure and Orders of this Court.

## I. BACKGROUND

On November 26, 1985, this Court issued an Order Imposing Sanctions against the Plaintiff's then-Counsel, Ellis Rubin. In that Order, this Court admonished the Plaintiff and his Counsel for flagrant disregard of a previous Order of this Court, for their general failure to prosecute the case, and for the improper use of pleadings. This Court decided that, although dismissal was clearly within its discretion and appropriate under both FED.R.CIV.P. 11 & 41(b), it would be fair to give the Plaintiff a second chance, to refrain from dismissing the case. The Court only imposed sanctions against Mr. Rubin, but directed the Plaintiff to obtain new Counsel within 45 days. At that time, this Court noted that it viewed the sanction of dismissal as one of last resort. *See* Order of November 26, 1986 (citations omitted).

After this Court spared the Plaintiff the harshness of dismissal and warned him of the potential consequences of such misconduct, the Court expected the action to proceed expeditiously and in good faith. Such has not been the case. On March 7, 1986, the Court issued an Order directing the Plaintiff to show cause as to why his suit should not be dismissed for failure to prosecute. Again, the Court declined to exercise its harsh discretionary power to dismiss this case, and in effect, gave the Plaintiff a *second* "second chance." The Court, however, in its Order dated March 25, 1986, did direct that thereafter, the Plaintiff was "to be personally responsible for the future progress of his case and ... personally accountable for any failure to comply with an Order of Court." Plaintiff once again obtained new counsel.

Although at the inception of this case, there were fifteen defendants, all have either been voluntarily or involuntarily dismissed. The record justified the imposition of attorneys' fees against the Plaintiff for the Plaintiff's prosecution of this cause against many of the parties previously dismissed. Tony Pineda remains as the sole defendant in this litigation which the Plaintiff initiated in 1983 and the protraction of which, the Court believes, is largely due to the Plaintiff's indifference and blantant disregard.

## II. DEFENDANT PINEDA'S MOTION FOR SANCTIONS

It is in the context of the foregoing case history that the Court must view the Defendant's Motion for Sanctions. The only issue remaining in this case is one to which Plaintiff Navarro's testimony is critical. Prior to setting the date for this deposition, Counsel for the Defendant alleges in his Motion for Sanctions, Counsel for both parties agreed that June 23, 1987 was a convenient time for the deposition in Miami. In the Defendant's response to the Motion for Sanctions, he does not deny this allegation. On June 11, 1987, counsel for Defendant Pineda forwarded Notice of taking Deposition on the above date to counsel for Plaintiff Navarro, who in turn forwarded a copy to his client on June 15, 1987. Unfortunately, prior to that time, the Plaintiff had departed on an extended trip to Washington, D.C., without informing his counsel of such. Plaintiff's counsel attempted to locate the Plaintiff in Washington, and managed to leave a message for the Plaintiff at his hotel. Conveniently, the Plaintiff claims that the hotel never passed that message on to him.

Plaintiff's counsel attempts to characterize the Plaintiff's actions in this case as amounting to "excusable neglect" in failing to contact his attorney as to his whereabouts and to have someone take charge of forwarding his mail. Even if such were the case, this Court fails to understand how *any* neglect by this Plaintiff at this point in time could possibly come within the rubric "excusable." Moreover, having heard this Plaintiff place the blame on others so many times before, the Court is doubtful that the Plaintiff's denial of notice is bona fide.

Even if this were the case, however, such "neglect" would be inexcusable. As noted, this Court ordered the Plaintiff that he would be held personally responsible for the prosecution of his case. Plaintiff had no business being in a position not to receive notice. Though dismissal is to be a sanction of last resort, there can be no more second chances for this Plaintiff. This Court will no longer hear this Plaintiff place the blame for delay and disregard for Orders of Court upon his counsel, hotel clerks, or upon anyone other than himself. It appears to the Court that when given the choice between impeding and furthering the prosecution of his case, the Plaintiff seems to prefer the former. The Court can no longer avoid dismissing this case. *See Hashemi v. Campaigner Publications, Inc.,* 737 F.2d 1538 (11th Cir.1984); *Marshall v. Segona,* 621 F.2d 763 (5th Cir. 1980); *United States v. One Lot of U.S. Currency Totalling $506,537.00,* 628 F.Supp. 1473 (S.D.Fla.1986). Accordingly, though with great reluctance, it is hereby

ORDERED AND ADJUDGED that the above-styled case is DISMISSED WITH PREJUDICE.