Leon Kellner, U.S. Atty., Dick Gregory, Asst. U.S. Atty., Miami, Fla., for U.S.

Neal R. Sonnett, Sonnett Sale & Kuehne, P.A., Miami, Fla., for Noriega.

**UNITED STATES of America**

v.

**Manuel Antonio NORIEGA, et al., Defendants.**

**No. 88–0079–CR.**

United States District Court, S.D. Florida, Miami Division.

April 28, 1988.

## ORDER ALLOWING SPECIAL APPEARANCE OF COUNSEL

HOEVELER, District Judge.

THIS CAUSE is before the court on defendant Manuel Antonio Noriega's ("Noriega") Motion to Allow Special Appearance of Counsel, filed March 28, 1988. Upon a review of the file of this matter, and upon hearing the arguments of counsel on April 13, 1988, the court has decided to allow the special appearance.

*Background*

General Noriega was indicted in the Southern District of Florida on February 4, 1988. The indictment alleges that General Noriega was part of an international conspiracy to import cocaine and materials used in producing cocaine into the United States. Of the 16 defendants named in that indictment, only one thus far has been brought into custody.

Noriega is a fugitive. The court has no expectation that he will be brought into the jurisdiction to answer the charges against him.[1] However, the court has previously determined to allow his counsel to file a

1. The Justice Department has not yet sought extradition of General Noriega, and it does not appear likely that it will seek extradition in the near future. *See United States v. Noriega,* 88–0079–CIV–HOEVELER, Response of U.S. Government to Motion to Allow Special Appearance, Ex. A (April 5, 1988).

motion to allow a special appearance of counsel, which is presently before the court.

### Discussion

Defendant wishes to enter a special appearance to contest the jurisdiction of the court in this matter, and to attack the legal sufficiency of the indictment. Defendant argues that the court has discretion to determine those motions, despite the fact that Noriega is a fugitive. *See United States v. Shapiro,* 391 F.Supp. 689 (S.D.N.Y.1975).[2]

In favor of the court's exercising its discretion, defendant states that the motion sought to be filed goes to the heart of the prosecution. Noriega argues that he should not be compelled to undergo the hardship of surrender to test the validity of an indictment. Further, defendant cites General Noriega's unique status as the *de facto* head of a foreign government indicted for using his position to commit the crimes alleged.[3] The defendant states that this is a case of first impression, and thus its importance requires a determination of the validity of the proceedings. Finally, Noriega argues he is not an "ordinary" fugitive fleeing United States justice.

The Government admitted, at oral argument, that allowing the defendant to file his motions while a fugitive is within the discretion of the court. The Government argued against the court's exercising its discretion for a number of reasons. First, the government argues, courts in general do not allow fugitive defendants to make special appearances in either criminal or related civil cases. As Judge Scott of this district observed, a fugitive who is allowed to file a claim in a civil forfeiture action

> has taken advantage of the *rights* accorded litigants—but wants to avoid the associated duties. He is trying to use

this Court's processes as a sword while attempting to simultaneously shield himself from the same type of judicial process. This type of conduct is, simply stated, unfair.

*United States v. One Lot of U.S. Currency Total $506,537.00,* 628 F.Supp. 1473, 1476 (S.D.Fla.1986) (emphasis in original). I should note that I have taken the same position in forfeiture cases where a claim is made for property seized by the government and where the absent claimant is unwilling to comply with the rules of court.

The Government argues that if this court allows Noriega to attack the validity of his indictment while a fugitive, it will open the "floodgates" to similar motions by thousands of fugitives. Finally, the Government asserts that Noriega has presented no reason for the court to treat him differently from any other criminal defendant.

The court will exercise its discretion in allowing Noriega to present arguments attacking the validity of this indictment and challenging the jurisdiction of the court. I find that the possibility of a flood of such motions by fugitive defendants is unlikely, given the difficulty and expense of retaining counsel in the United States while remaining outside the country. Further, I emphasize that I am exercising *discretion,* not stating that as a matter of law any fugitive criminal defendant may contest the validity of his indictment. The precedential value of such a discretionary ruling will, necessarily, be minimal.

The present indictment is surrounded with special circumstances which militate in favor of allowing the defendant to attack its validity. Specifically, this appears to be a case of first impression. Arguments of counsel will be helpful in resolving the delicate issues presented. The case is fraught

---

**2.** The defendant has cited many cases on this point, all of which lead the court to conclude that it is within the court's discretion to entertain motions from a fugitive defendant.

**3.** As this court and several other District Courts have recognized, the United States has recognized President Arturo Delvalle as the legitimate head of the Panamanian government. *See generally, Republic of Panama v. Air Panama,* Case No. 88–0435–CIV–HOEVELER; *Republic of Pan-*

*ama v. Citizens & Southern International Bank,* 682 F.Supp. 1544, Case No. 88–0410–CIV–ARONOVITZ, Order Denying Motions to Intervene (March 22, 1988); *Republic of Panama v. Republic National Bank of New York,* 681 F.Supp. 1066 Opinion (1988). Despite this official recognition of Delvalle, the court understands that General Noriega is the *de facto* head of the Panamanian government.

with political overtones. I do not propose to engage in any political inquiries beyond those properly raised by legal argument. However, the best way to avoid the appearance that this indictment has assumed the character of a political proceeding, rather than a legal one, is to determine its legal validity upon the arguments of counsel. In that way, the integrity of our legal system will best be served. Counsel suggested at oral argument on this motion that the world is watching this case. In the unlikely event that such an observation is accurate, it is all the more important that our frequent protestations about due process, presumptions of innocence and fair play be given meaning. Indeed, any procedure which will negate the perception that this prosecution may have been politically motivated should be welcomed by the Government.

Presumably the factual and legal bases for the indictment were considered by the Justice Department to be entirely adequate when the indictment was returned. The implication permissable by the government's objection to the parties' arguing the legality of the indictment is unacceptable. If the charge is to stand in the records of this court with the implications which flow from an unanswered indictment, the Government should be quite willing to support its position and disavow any idea that the continuation of a possibly defective indictment should remain outstanding until the defendant appears with his attorney to demonstrate such a defect.

Finally, it should be observed that for all the notoriety surrounding this indictment, and this defendant, he is under our legal system innocent until proven guilty. Given the unique status of the defendant, and considering basic notions of due process, the court is moved to hear arguments, at the outset of the case, discussing the validity of the indictment. Therefore, it is

ORDERED AND ADJUDGED that counsel for Noriega may file with this court, within 10 days of entry of this order, any motion and memorandum which he feels appropriate, limited, however, to attacking the validity of the indictment and the jurisdiction of the court in this case. FURTHER ORDERED that the Government may file opposing memoranda within 10 days of the defendant's filing his motion.