576 So.2d 751 (1991)
Luis GARCIA, Appellant,
v.
METRO-DADE POLICE DEPARTMENT, Appellee.
No. 90-1755.
District Court of Appeal of Florida, Third District.
February 19, 1991.
Rehearing Denied April 23, 1991.
Alan R. Soven, Miami, for appellant.
Richard Grande, Miami, and Metro-Dade Police Dept., for appellee.
Before NESBITT, JORGENSON and GERSTEN, JJ.

ON MOTION TO DISMISS APPEAL
GERSTEN, Judge.
Appellant, Luis Garcia, appeals a final order of forfeiture and a final judgment in favor of appellee, Metro-Dade Police Department. We grant appellee's motion to dismiss the appeal.
Appellant was arrested and charged with trafficking in cocaine, but failed to appear for his criminal court trial. At the time of the arrest, $10,000 in currency in appellant's possession was confiscated. Although appellant is a fugitive from justice, the civil action for the forfeiture of the currency proceeded. The trial court ordered the money forfeited. Appellant appealed the forfeiture and appellee filed a motion to dismiss the appeal.
Appellee asserts that this appeal should be dismissed because appellant is a fugitive from justice. Appellant contends that although *752 the federal "escape rule" bars fugitives from justice from determining their case in federal courts, the State of Florida has not adopted such a rule.
Florida has adopted such a rule in the much stricter context of criminal defendants' rights. In State v. Gurican, 576 So.2d 709 (Fla. 1991) the Florida Supreme Court addressed the question of whether Florida appellate courts should apply the federal escape rule, and dismiss an appeal of an accused who has fled the jurisdiction. Gurican fled the jurisdiction but sought to appeal her conviction. The Supreme Court held:
A fugitive has no right whatever to frustrate the orderly procedures of the courts by voluntarily absenting himself and upon his apprehension complain that his rights were violated when his appeal was dismissed.
Gurican, 576 So.2d at 711 (quoting Bretti v. Wainwright, 225 So.2d 516 (Fla. 1969), approved in part, expunged in part, 255 So.2d 266 (Fla. 1971)).
In Florida, the federal escape rule clearly applies to appeals from a criminal conviction where the appellant is a fugitive. However, the issue in this case is whether the federal escape rule will be applied to civil forfeiture cases. We hold that it does.
Appellant, on the one hand, wields a sword against our judicial system by escaping criminal prosecution. On the other hand, appellant attempts to shield himself with the protection of his rights in the civil courts.
Because we find this duplicitous approach repugnant to our inherent sense of equity, we adopt the federal "fugitive from justice" doctrine cited in United States v. One Lot of U.S. Currency totalling $506,537.00, 628 F. Supp. 1473 (S.D.Fla. 1986):
[A] fugitive from justice is not entitled to call upon the resources of court for determination of his case.
We adopt this doctrine only as it relates to civil forfeiture actions that arise out of criminal charges.
Accordingly, we grant the motion to dismiss this appeal.